I/S

**LECIA L. SHORTER**
**287 S. ROBERTSON BLVD., NO. 291**
**BEVERLY HILLS, CA   90211**
**(310) 869-5835**

**PLAINTIFF IN PRO PER**



FILED
CLERK, U.S. DISTRICT COURT

**04/05/2024**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____AP_____ DEPUTY

FEE PAID

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

LECIA L. SHORTER,

        **PLAINTIFF,**

VS.

**THE STATE OF CALIFORNIA, AND ITS GOVERNMENTAL BRANCHES: THE LOS ANGELES SUPERIOR COURT, JUDICIAL COUNCIL OF THE STATE OF CALIFORNIA, THE JUDICIAL COMMISSION, AND THE STATE BAR OF CALIFORNIA, A PUBLIC CORPORATION, DANIEL WINSTON STEWART, AN INDIVIDUAL, JOVITA RAQUEL SILVERA, AN INDIVIDUAL, MONIQUE SHERRI ALLEN, AN INDIVIDUAL, GINA CLARK KEAVENY AKA GINA CLARK, AN INDIVIDUAL, JONATHON ROSENBLOOM, LOS ANGELES SUPERIOR COURT JUDGE, AND PATRICIA TITUS, LOS ANGELES SUPERIOR COURT JUDGE, DAVID S. WESLEY, SHERYL HAYASHIDA, AN INDIVIDUAL, SOPHIA PRESTON, AN INDIVIDUAL, TAYLOR PRESTON, AN INDIVIDUAL, NICHOLAS THALER, CALIFORNIA CREDIT UNION, CALIFORNIA TEACHERS RETIREMENT SYSTEM, SMBC MANUBANK AKA MANUFACTURERS BANK, BANK OF AMERICA, N.A., FRED MESSERER, AN**

**Case No.:  2:24-cv-02799-CAS(BFM)**

**COMPLAINT FOR:**
1) **CIVIL RICO (18 U.S.C. §1962);**
2) **DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF AGAINST LOS ANGELES SUPERIOR COURT, JUDICIAL OFFICERS, CALSTRS and CALIFORNIA CREDIT UNION;**
3) **CIVIL RICO CONSPIRACY (18 U.S.C. §1964);**
4) **AMERICANS WITH DISABILITIES ACT FAILURE TO ACCOMMODATE VIOLATIONS (42 U.S.C.§12101 ET SEQ)**
5) **14th AMENDMENT DUE PROCESS VIOLATION (CONFINEMENT);**
6) **14TH AMENDMENT EQUAL PROTECTION VIOLATIONS;**
7) **CIVIL RIGHTS VIOLATIONS, 42 U.S.C. §1983 (General Allegations);**
8) **CIVIL RIGHTS VIOLATIONS, 42 U.S.C. §1983 (Failure to Implement Appropriate Policies, Customs and Practices);**
9) **CIVIL RIGHTS VIOLATIONS, 42 U.S.C. §1983 (Negligent Hiring and Supervision)**
10) **CIVIL RIGHTS VIOLATIONS, 42 U.S.C. §1942 AMENDMENT FREEDOM**

INDIVIDUAL, AND DOES 1 THRU 10 INCLUSIVE,

**DEFENDANTS.**

(Interference with Liberty Interests and Familial Association in Violation of First Amendment);
  11) **IMPAIRMENT/DISRUPTION OF CONTRACTUAL RELATIONS IN VIOLATION OF THE CONTRACTS CLAUSE OF THE U.S. CONSTITUTION. Art 1, §10;**
  12) **UNRUH CIVIL RIGHTS ACT VIOLATIONS (Cal. Civ. Code §51, Et Seq.);**
  13) **FRAUD;**
  14) **CONSPIRACY;**
  15) **ABUSE OF PROCESS;**
  16) **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**
  17) **PROFESSIONAL MALPRACTICE; and,**
  18) **INVASION OF PRIVACY**
  19) **UNFAIR AND DISCRIMINATORY BUSINESS PRACTICES (B&PC §17200)**

**DEMAND FOR JURY TRIAL**

**PLAINTIFF LECIA L. SHORTER HEREBY ALLEGES AS FOLLOWS:**

1.   Plaintiff LECIA L. SHORTER is a Black American woman, and at all times mentioned herein, was, a citizen of the United States of America and a resident of the State of California, entitled to all the privileges set forth in the United States Constitution, the California Constitution, and their Amendments.

COMPLAINT FOR DAMAGES AND EMERGENCY INJUNCTIVE RELIEF - 2

2.  SONDRA SHORTER is an 81-year-old Black American woman, and at all times mentioned herein, was, a citizen of the United States of America entitled to all the privileges set forth in the United States Constitution, the California Constitution, and their Amendments.  She is a necessary party to this action as she is the subject of a contested conservatorship proceedings in the Los Angeles Superior Court of the State of California initiated by Defendant DANIEL STEWART wherein her constitutional rights, including but not limited to, due process, equal protection, freedom of association, the inalienable right of privacy in medical and financial affairs, and the patient/physician privilege are being egregiously and maliciously violated by Defendant Daniel Stewart, Defendant Jonathan Rosenbloom, Defendant Patricia Titus and Defendant State of California and its various branches of government.  Once civil rights counsel is appointed, if at all, this Complaint will be amended to name SONDRA SHORTER as a plaintiff in this matter.

3.  This action is brought pursuant to the First, Fifth, Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983, and Article 1, Section 10 of the Constitution of the United States.  The jurisdiction of this Court is predicated on 28 U.S.C. §§1331 and 1343(a).

4.  A significant portion of the events giving rise to this action occurred in Los Angeles, California.  Venue is therefore proper under 28 U.S.C. §1391(b).  Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of the DOE defendant sued herein was the agent and employee of each of the remaining defendants and was at all times acting within the purpose and scope of such agency and employment.

COMPLAINT FOR DAMAGES AND EMERGENCY INJUNCTIVE RELIEF - 3

5.   Defendant State of California and its named governmental branches and judicial officers Rosenbloom and Titus were, at all times mentioned in this complaint, acting under color of statutes, ordinances, regulations, customs, or usage, of the State of California.  Specifically, Defendants State of California and its agents, employees, servants, and assigns, are unconstitutionally maintaining judicial proceedings in Los Angeles Superior Court Case Numbers 22STPB12451, 23IWRO00747, 23STRO05975 and 23STRO05976.  Plaintiff sues Defendant JONATHAN ROSENBLOOM in his individual capacity as a citizen because Plaintiff is informed and believes that he presides as a judicial officer unlawfully yet under color of state law while never having been evaluated for qualification as required by Government Code Section 12011.5 and the California Constitution.

6.   This action is brought against Defendants State of California and its identified branches of government and judicial officers for violation of 18 U.S.C.§1964 (RICO) which involve all named Defendants herein, the Contracts Clause as set forth in Article 1, §10 of the U.S. Constitution as well as violations of a) the Fourteenth Amendment right to due process and equal protection of the laws; b) the First Amendment right to freedom of association with intimate/familial members; c) the Fifth Amendment right to not be confined without due process of law; and, d) 42 U.S.C. §1983 civil rights violations.  Defendants are exempt from governmental immunity based on the two "exceptions to public entity immunity, i.e., (a) vicarious liability for the acts or omissions of a State employee (Gov. Code, §815.2); and (b) breach of a mandatory statutory duty (*Id.*, § 815.6)." *Lawson v. Superior Court* (Center Point, Inc.), 180 Cal.App.4th 1372, 1383 (Cal. Ct. App. 2010).

7.   Plaintiff seeks declaratory and injunctive relief against Defendants State of California and its Superior Court of the County of Los Angeles and its judicial officers Jonathan Rosenbloom

COMPLAINT FOR DAMAGES AND EMERGENCY INJUNCTIVE RELIEF - 4

and Patricia Titus because their orders in Los Angeles Superior Court Case Numbers 22STPB12451 AND 23IWRO00747 have, and continue to deprive, Plaintiff LECIA SHORTER and SONDRA SHORTER of procedural and substantive due process, and have placed SONDRA SHORTER in imminent physical and psychological danger and irreparable harm, particularly as to orders that violate SONDRA SHORTER'S privacy interests in her medical and financial records as well as her freedom, liberty interests, familial associations, and ability to contract and make decisions concerning her person and her estate by maintaining conservatorship proceedings in violation of California Assembly Bill 1663 and the California Probate Code. Plaintiff seeks to enjoin further proceedings and stay all ORDERS in L.A.S.C. Case No. 22STPB12451 until the State of California establishes that Defendant JONATHAN ROSENBLOOM is qualified to sit as a judicial officer according to California law and the California Constitution.  The state and federal constitutional rights are further abrogated by the domestic violence restraining orders issued by Judge Patricia Titus without a factual or legal basis therefore, and then refusals to hear Plaintiff's claims for termination and contempt against Defendant JOVITA SILVERA for blatantly making false and perjurious statements and thereby abusing the process of the courts for personal gain, financial gain, and vendetta, not protections as such orders are intended.

8.  Defendant STATE OF CALIFORNIA is a governmental entity with various branches of government that have designated roles of administration and regulation.  On or about August 21, 2023, Plaintiff and SONDRA SHORTER submitted Government Claims to Defendant STATE OF CALIFORNIA concerning the matters set forth herein.  As of the filing of this action, Defendant STATE OF CALIFORNIA has not responded to Plaintiff's claims or SONDRA SHORTER'S claims.  Defendant STATE OF CALIFORNIA is responsible for the management and oversight of all branches of government including but not limited to the State Bar of

California, California Courts, and its judicial officers.  The California legislature is responsible for ensuring that the goals and objectives of laws that are enacted are capable of being carried out pursuant to the legislative intent in enacting the law.  California Assembly Bill 1663 (hereinafter referred to as AB1663) was introduced on January 19, 2022, by Assemblymember Brian Maienschein.  AB1663 is intended to change the probate conservatorship system so that people with disabilities do not end up in conservatorships unnecessarily. It also recognizes supported decision-making as a way that people with disabilities can get support from people they trust without losing their rights.  Specifically, AB 1663 1) Deflects people with disabilities from unnecessary conservatorships by recognizing alternatives, like supported decision-making (SDM), and creates a SDM Technical Assistance Project to provide outreach and training; 2) Diverts people with disabilities from unnecessary conservatorships by requiring courts to consider alternatives and by creating a Conservatorship Alternatives Program to counsel potential conservatees who may benefit from alternatives; 3) Dissolves conservatorships without a court hearing when both the conservator and conservatee agree on termination, and provides an easier path for conservatees to request their conservatorship be changed or ended; 4) Ensures decisions are made by the person with a disability to the greatest extent possible, even when they are under a conservatorship, and asks the conservator to take the person's wishes into consideration unless it endangers their health or safety.

   9.  AB1663 created California Probate Code Section 1836 which Section 1836 is provides that: "Upon appropriation by the Legislature, the Judicial Council shall establish a conservatorship alternatives program within each self-help center in every state Superior Court. (b) The purposes of the conservatorship alternatives program are: (1) To provide information relating to less restrictive alternatives to conservatorship, including, but not limited to, supported

COMPLAINT FOR DAMAGES AND EMERGENCY INJUNCTIVE RELIEF - 6

decision making agreements, as defined in Section 21001 of the Welfare and Institutions Code, to interested individuals.  (2) To educate interested individuals on less restrictive alternatives to conservatorship that may be appropriate, and to provide assistance in considering and implementing those alternatives.  (c) Each court's conservatorship alternatives program shall include staff who provide information and resources to interested individuals about less restrictive alternatives to conservatorship."

10.  The California Legislature has not appropriated funding for the conservatorship alternatives program inside of the Los Angeles Superior Court, which is the largest court system in the state.  As a result, the elderly and the disabled of Los Angeles County are deprived of a conservatorship alternatives program which would require proposed conservators to deflect people with disabilities from unnecessary conservatorships by recognizing alternatives, like supported decision-making (SDM), and create a Supported Decision-Making Technical Assistance Project to provide outreach and training.

11.  For decades, conservatorships in California have been a subject of controversy, as professional conservators with the help of the California Courts have developed an industry focused on draining the assets of elders and persons with disabilities. In urban areas of California undergoing gentrification, conservatorship systems have been used to seize and sell the homes of elderly people of color, removing their assets both from their own control, and from their families and communities of origin. The Los Angeles County Superior Court and Superior Court Judge Jonathan Rosenbloom are currently abusing the conservatorship process by not recognizing Supported Decision-Making or anything other least restrictive alternatives to conservatorship by pursuing professional conservatorships contrary to the Legislative intent of AB 1663.   In their abuse of the conservatorship process as an enterprise, Defendants are

COMPLAINT FOR DAMAGES AND EMERGENCY INJUNCTIVE RELIEF - 7

violating federal RICO statutes, the state and federal constitutional rights of Plaintiff and her mother SONDRA SHORTER as set forth in the First Amendment, the Fifth Amendment, the Fourteenth Amendment and the Contracts Clause of the U.S. Constitution, Art. 1, §10. Defendants, and each of them, are also violating the Americans with Disabilities Act set forth in 42 U.S.C. §1201, et seq.

12.   Defendant Jonathan Rosenbloom is a Los Angeles Superior Court Judge who is being sued in his individual capacity for damages and injunctive relief as related to Plaintiff's claims of 5th Amendment Due Process violations for the issuance of a penal order of confinement ordering SONDRA SHORTER to not leave Los Angeles County during the conservatorship proceeding. Plaintiff seeks declaratory relief that Defendant JONATHAN ROSENBLOOM is disqualified to preside over L.A.S.C. Case No. 22STPB12451 and that he be enjoined from further participation in the conservatorship proceedings involving SONDRA SHORTER.  Plaintiff seeks Declaratory and Emergency Injunctive Relief as to the unconstitutional orders issued in Los Angeles Superior Court cases 22STPB12451, 23IWRO00747, 23STRO05975 and 23STRO05976.

13.   Defendant Patricia Titus is a Los Angeles Superior Court Judge who is being sued in her official capacity as to Plaintiff's claims of Declaratory and Emergency Injunctive Relief in Los Angeles Superior Court Case 23IWRO00747 her granting of a 5-year domestic violence restraining order precluding Plaintiff from contacting her 81-year old mother based on the false, unsubstantiated, psychotic rants of Defendant Jovita Silvera.  Both Defendant Titus and Defendant State of California are violating Plaintiff's Fourteenth Amendment right to due process and equal protection by rejecting Plaintiff's post-order filings to end the domestic violence restraining order.  Although an Order to Show Cause Re Contempt was filed, Defendant State of California refuses to set a hearing date to allow Plaintiff to present evidence of the

perjured statements of Defendant Jovita Silvera and hold her in contempt of court for abusing the process of the court.

14. Overall, Defendant State of California has no meaningful supervisory mechanism for its courts and its judicial officers which allows judicial officers e.g. Jonathan Rosenbloom and Patricia Titus to abuse their power and discretion resulting in the egregious annihilation of the constitutional rights of Plaintiff and her mother SONDRA SHORTER.

15. Defendant DANIEL STEWART is a resident of the City and County of Riverside, California. He is the son of SONDRA SHORTER and the Petitioner for Conservatorship of Sondra Shorter in Case No. 22STPB12451.

16. Defendant JOVITA SILVERA is a resident of the City of Inglewood, County of Los Angeles, California. She is the daughter of SONDRA SHORter.

17. Defendant MONIQUE ALLEN is an individual who is a resident of the City of Prosper, Texas. She is the daughter of SONDRA SHORTER.

18. Defendant GINA CLARK KEAVENY is a resident of the City and County of San Bernardino, California. She is the daughter of SONDRA SHORTER.

19. Defendant SHERYL HAYASHIDA, is an attorney at law duly licensed to practice law in the State of California. She is employed as a Court Appointed Counsel for the Probate Division of the Los Angeles County Superior Court. She was assigned as Court Appointed Counsel in Los Angeles Superior Court Case No. 22STPB12451 for SONDRA SHORTER on or about December 20, 2022, by Defendant JONATHAN ROSENBLOOM who is an unlawful, disqualified judge as his qualifications were never evaluated per Government Code Section 12011.5 or the California Constitution. Plaintiff is informed and believes and thereon alleges that all orders of a disqualified judge are void. At all times mentioned herein, Defendant SHERYL

COMPLAINT FOR DAMAGES AND EMERGENCY INJUNCTIVE RELIEF - 9

HAYASHIDA has also been disqualified because the order appointing her is void and because of failure to provide zealous advocacy according to the wishes of her client SONDRA SHORTER pursuant to the mandates of Probate Code Section 1471(c) and for operating with the conflicted interest of her financial gain and opportunity for billable hours.  Plaintiff seeks a declaration that Defendant SHERYL HAYASHIDA is disqualified as Court Appointed Counsel for SONDRA SHORTER and that she be enjoined from further involvement in L.A.S.C. Case No. 22 STPB12451.

20.  Defendants SOPHIA PRESTON and TAYLOR PRESTON are attorneys duly licensed to practice law in the State of California.  At all times mentioned herein, Defendants SOPHIA PRESTON AND TAYLOR PRESTON operated their law practice as law partners of THE PRESTON LAW GROUP.  Defendants SOPHIA AND TAYLOR PRESTON were hired by Defendant DANIEL STEWART to represent SONDRA SHORTER in her estate planning.  In reality, Defendant DANIEL STEWART was their client.  Defendants SOPHIA AND TAYLOR PRESTON drafted estate documents without allowing SONDRA SHORTER an opportunity to have those documents reviewed by independent counsel to ensure she understood the legal ramifications of said documents and the rights she was transferring to Defendant DANIEL STEWART.  Despite repeated requests the Defendants PRESTON notify Defendant DANIEL STEWART that the Will, Trust, Power of Attorney, and other estate documents were revoked and to revise said Documents to exclude Defendant DANIEL STEWART, Defendants SOPHIA AND TAYLOR PRESTON refused the requests of SONDRA SHORTER.  Defendants SOPHIA AND TAYLOR PRESTON violated their professional and ethical responsibilities under the California Rules of Professional Conduct and the California Business and Professions Code.

21.   Defendant NICHOLAS THALER is a psychologist duly licensed by the State of California.  On July 3, 2023, Defendant THALER executed a form capacity declaration wherein he falsely alleged that SONDRA SHORTER has a "major neurocognitive disorder" with full knowledge that his declaration would be utilized in the conservatorship proceedings in Los Angeles Superior Court Case No. 22STPB12451.  Defendant THALER had no knowledge of SONDRA SHORTER'S medical history. Neither did he consult with her treating physicians at the time he executed the declaration.

22.   Defendant STATE BAR OF CALIFORNIA is "a constitutional entity within the judicial article of the California Constitution." See Cal. Const., art. VI, § 9; Bus. & Prof. Code, Sec. 6001.)  The State Bar is a California Public Corporation that functions as the administrative arm of the Supreme Court for the purpose of assisting in attorney admissions and discipline, with the court retaining its inherent judicial authority to disbar or suspend attorneys.  Plaintiff is informed and believes that as a California Public Corporation, Defendant STATOR OF CALIFORNIA is not entitled to Eleventh Amendment immunity.

23.   Defendant CALIFORNIA CREDIT UNION is a state-chartered credit union that primarily serves teachers and administrators within the State of California.  SONDRA SHORTER is and has been a member of Defendant CALIFORNIA CREDIT UNION for approximately 40 years with various financial accounts over the years.  Plaintiff has a vested interest in those accounts as an heir of SONDRA SHORTER.

24.   Defendant CALIFORNIA TEACHERS RETIREMENT SYSTEM (CalSTRS) is an educator only pension fund established by law to provide retirement benefits to educators within the California public school system.  CalSTRS provides retirement benefits to SONDRA SHORTER, benefits to which Plaintiff has an interest as an heir of SONDRA SHORTER.

25.  Defendant DAVID S. WESLEY is an individual and former State Bar administrative hearing judge, Commissioner of the Los Angeles Superior Court and Los Angeles Superior Court judge.  Plaintiff is informed and believes and thereon alleges that Defendant DAVID S. WESLEY held each office illegally and was never evaluated for qualification for office.  In 1995, DAVID S. WESLEY recommended Plaintiff's disbarment to the California Supreme Court while illegally presiding over State Bar disciplinary proceedings.  The California Supreme Court accepted the recommendation of Defendant DAVID S. WESLEY and disbarred Plaintiff in 1996.  Plaintiff seeks declaratory relief and an order that the Decision of DAVID S. WESLEY and the Order of Disbarment are void and must be vacated from the State Bar Roll of Attorneys. Plaintiff seeks a further declaratory order that she be reinstated to the practice of law.

26.  Defendant FRED MESSERER is an attorney duly licensed to practice law in the State of California. He is also assistant General Counsel for Defendant CalSTRS. At all times mentioned herein, Defendant MESSERER breached his fiduciary duties to SONDRA SHORTER by disclosing private financial information regarding communications and providing unsolicited legal advice to Defendant DANIEL STEWART, advice that was harmful and against the interests of SONDRA SHORTER and Plaintiff.

27.  Defendant BANK OF AMERICA, N.A. is a national and international banking institution operating under Federal Charter 13044 with corporate headquarters in Charlotte, North Carolina.  SONDRA SHORTER has maintained accounts with Defendant BANK OF AMERICA, N.A. for nearly 40 years until Defendant DANIEL STEWART closed her account in March of 2024.

28.  Defendant SMBC MANUBANK aka MANUFACTURERS BANK is a wholly owned subsidiary of SMBC Americas Holdings, Inc., a member of SMBC Group that provides

specialty checking for fiduciaries e.g. conservators.  Plaintiff is informed and believes and thereon alleges that Defendant DANIEL STEWART opened a bank account in the name of SONDRA SHORTER with funds belonging to SONDRA SHORTER, naming himself as a fiduciary or conservator.

***GENERAL ALLEGATIONS REGARDING THE UNCONSTITUTIONAL CONSERVATORSHIP PROCEEDINGS IN LOS ANGELES SUPERIOR COURT CASE NO. 22STPB12451***

29.  On December 14, 2022, a Petition for Conservatorship was filed in the Los Angeles Superior Court for the State of California by Defendant DANIEL STEWART. Defendant Sheryl Hayashida was appointed by the Court on or about December 20, 2022.

30.  According to court records, the Petition for Conservatorship and Notice of Citation Hearing were served upon SONDRA SHORTER on December 29, 2022, at 8:39 p.m. by her daughter Defendant MONIQUE SHERRI ALLEN, a resident of the State of Texas, in Prosper, Texas while SONDRA SHORTER was visiting for the holidays.  Defendant MONIQUE SHERRI ALLEN is an interested party who has attended nearly every hearing.  SONDRA SHORTER denies that she was served the Petition, Citation and Notice of Citation hearing. Notwithstanding, as an interested party and heir of the Proposed Conservator, Defendant MONIQUE SHERRI ALLEN is ineligible to serve documents related to the conservatorship proceedings. SONDRA SHORTER has therefore never been lawfully served the Petition nor the Citation of Hearing, yet she's been forced to endure conservatorship proceedings that have impeded her life, her liberty, and her dignity for nearly a year.  Defendant STATE OF CALIFORNIA, its LOS ANGELES SUPERIOR COURT and Defendant JONATHAN

ROSENBLOOM have been conducting conservatorship proceedings and issuing orders without ever acquiring jurisdiction over the person and estate of SONDRA SHORTER. Plaintiff LECIA SHORTER was also never served the Petition, Citation or Notice of Citation Hearing although Plaintiff is listed on the petitioner's service list.

31.   Plaintiff has repeatedly presented these jurisdictional matters to Defendant ROSENBLOOM, and they have been ignored. His sole focus is the pursuit of billing the estate of SONDRA SHORTER and the pursuit of conservatorship by a professional conservator by granting Defendant DANIEL STEWART every opportunity to provide a capacity declaration so that he can have a basis to issue an order allowing SONDRA SHORTER and her estate to be conserved.

32.   Defendant HAYASHIDA refuses to challenge the California Superior Court's jurisdiction over the person and estate of SONDRA SHORTER because it would interfere with her ability to bill SONDRA SHORTER's estate for her substandard legal work, which means Defendant HAYASHIDA represents SONDRA SHORTER with a conflict of interest. Because of her refusal to advocate for SONDRA SHORTER's interests and desires, SONDRA SHORTER has requested that Defendant HAYASHIDA withdraw from representation in Case No. 22STPB12451, but HAYASHIDA refuses. Defendant HAYASHIDA has compromised SONDRA SHORTER's personal safety not to mention her privacy interests in her medical and financial affairs, her liberty interests, and her dignity. Defendant ROSENBLOOM has now appointed a guardian *ad litem* at the expense of the estate of SONDRA SHORTER.

33.   During the first week of February, Defendant DANIEL STEWART moved SONDRA SHORTER out of her Los Angeles home and into an assisted residential living facility sixty miles away in Riverside at a rental rate of approximately $2,900 paid by him with the

COMPLAINT FOR DAMAGES AND EMERGENCY INJUNCTIVE RELIEF - 14

financial resources of SONDRA SHORTER.  SONDRA SHORTER owns two homes in the County of Los Angeles.  One in the city of Los Angeles.  The other is in Inglewood.  Both homes are in gentrified areas of Los Angeles County.

34.  On February 23, 2023, a Citation Hearing took place in Case No. 22STPB12451. SONDRA SHORTER, the proposed conservatee, did not attend the Citation Hearing, and Defendant DANIEL STEWART did not file a medical declaration of SONDRA SHORTER'S inability to attend as established by affidavit of a licensed medical practitioner as required by Probate Code Section 1825.   Defendant HAYASHIDA never contested SONDRA SHORTER'S non-appearance.  Neither did she inform the Court that SONDRA SHORTER was fully capable of physically and mentally attending the hearing.  Defendant ROSENBLOOM continued the hearing to May 8, 2023, for the sole purpose of allowing Defendant DANIEL STEWART to secure a capacity declaration for purposes of the conservatorship.  Defendant ROSENBLOOM never inquired whether SONDRA SHORTER was capable of attending the Citation Hearing on February 23, 2023, or why she was not present for the hearing as required by the California Probate Code.

35.  On February 20, 2023, 3 days before the Citation hearing on February 23, 2023, Defendant DANIEL STEWART executed and filed Petitioner's Verified Supplemental Declaration with an Attachment Requesting Orders Regarding a Major Neurocognitive Disorder wherein Defendant DANIEL STEWART falsely asserted that SONDRA SHORTER has a major neurocognitive disorder that requires placement in a secured perimeter residential facility for the elderly operated under Health and Safety Code §1569.698 that has a care plan that meets the requirements of California Code of Regulations, Title 22, section 87705.  In said Attachment, Defendant DANIEL STEWART requested the Court "to authorize the administration of

medications appropriate for the care and treatment of major neurocognitive disorders including dementia." The request was made after DEFENDANT DANIEL STEWART had already moved SONDRA SHORTER out of her home and placed her in an assisted living facility in Riverside. The attachment was also submitted without a medical declaration from a licensed physician attesting to the medical condition of SONDRA SHORTER. At the time of this false assertion, Defendant DANIEL STEWART was aware that SONDRA SHORTER's treating physicians refused him a declaration that SONDRA SHORTER is incapacitated and unable to manage her medical and/or financial affairs. Indeed, Defendant JONATHAN ROSENBLOOM has been presented with evidence (which he ignores) that none of her treating physicians will attest to her medical condition or mental status until they can rule out Obstructive Sleep Apnea as the cause of her short-term memory loss. Defendant ROSENBLOOM is also aware that SONDRA SHORTER contests the conservatorship proceedings and she opposes DANIEL STEWART as her conservator. Notwithstanding, Defendants STATE OF CALIFORNIA and JONATHAN ROSENBLOOM continue to pursue a course of action to professionally conserve SONDRA SHORTER to the exclusion of her family and her ability to independently choose whom she desires to support her at this time.

35. On or about March 14, 2023, Plaintiff learned of the conservatorship proceedings and that her mother, SONDRA SHORTER had been moved out of her home and into an assisted residential learning facility after receiving a copy of the CAC Report of Defendant SHERYL HAYAHIDA. After researching the matter, Plaintiff filed an *Ex Parte* Application for Financial Elder Abuse, Isolation and Abduction which was denied by Judge Rosenbloom on technical grounds without a hearing. At no time has Defendant HAYASHIDA contested jurisdiction. Neither has Defendant HAYASHIDA demanded that Defendant DANIEL STEWART provide

an accounting or explanation of his handling of SONDRA SHORTER's financial and business affairs.

36.  In March of 2023, Defendant DANIEL STEWART took SONDRA SHORTER to the law offices of Defendants SOPHIA AND TAYLOR PRESTON for the purpose of drafting estate documents.  On March 10, 2023, SONDRA SHORTER executed a Trust, Will, Power of Attorney, Advanced Health Care Directive and Final Disposition of Remains that was prepared by Defendants TAYLOR PRESTON and SOPHIA PRESTON.   The trust and will name Defendant DANIEL STEWART as successor trustee, one hundred percent beneficiary, and has a provision that DANIEL STEWART can transfer SONDRA SHORTER'S entire estate to himself as sole beneficiary upon the incapacity of SONDRA SHORTER or grant of conservatorship by a court.  Since that time, Defendant DANIEL STEWART has been on a mission to obtain a declaration that SONDRA SHORTER is incapacitated while knowing that SONDRA SHORTER'S treating physicians refuse to execute a declaration of incapacity.   Defendants TAYLOR and SOPHIA PRESTON did not allow SONDRA SHORTER an opportunity to independent counsel to ensure she understood the legal ramifications of the powers she granted Defendant DANIEL STEWART.  Upon learning of the powers she granted DANIEL STEWART, SONDRA SHORTER asked Defendants TAYLOR and SOPHIA PRESTON to revise her estate documents and inform Defendant DANIEL STEWART that his Power of Attorney was revoked and the PRESTON DEFENDANTS refused to adhere to the requests of SONDRA SHORTER.

37.  During the latter part of April of 2023, Plaintiff received a call from SONDRA SHORTER stating that she'd been sexually assaulted at the assisted living facility in Riverside and was now living with her youngest daughter, Defendant JOVITA SILVERA, in the

COMPLAINT FOR DAMAGES AND EMERGENCY INJUNCTIVE RELIEF - 17

Inglewood residence owned by SONDRA SHORTER.  Defendant JOVITA SILVERA has lived in the Inglewood three-bedroom residence for nearly twenty years primarily rent free.  The fair rental value of the property is approximately $3500 per month.  In 2023, SONDRA SHORTER increased the rent for the Inglewood residence to $2500 per month which Defendant JOVITA SILVERA agreed to pay.  Defendant SILVERA made three (3) rent payments in the year of 2023.  This is financial elder abuse.  The issues of financial, emotional, and physical abuse were presented to Defendant ROSENBLOOM on several occasions and either ignored altogether or he refused to rule on the substantive issue of financial elder abuse.  The issues were also presented to judicial officers Emily Spear and Jannet Perez Santiso both of whom refused to address the elder abuse issues based on prevailing substantive and procedural law.

38.  On May 8, 2023, Plaintiff and her mother, SONDRA SHORTER, attended a court hearing before Defendant JONATHAN ROSENBLOOM on May 8, 2023. SONDRA SHORTER attempted to explain to Defendant JONATHAN ROSENBLOOM that she opposes the conservatorship and being conserved by Defendant DANIEL STEWART, but he would not allow her to speak.  Defendant DANIEL STEWART did not file a capacity declaration from SONDRA SHORTER'S treating physicians as they have informed him repeatedly, they will not do so.  The matter was continued to July 10, 2023, to allow Defendant DANIEL STEWART additional time to obtain a capacity declaration.  After the hearing, SONDRA SHORTER asked Plaintiff to take her to Chase Bank where she withdrew a significant sum of money from accounts she held jointly with Defendant DANIEL STEWART.  She also closed the accounts and moved her money to another financial institution.

39.  After the hearing on May 8, 2023, SONDRA SHORTER did not want to return to her Inglewood home with Defendant JOVITA SILVERA because JOVITA SILVERA was

COMPLAINT FOR DAMAGES AND EMERGENCY INJUNCTIVE RELIEF - 18

emotionally abusive, disrespectful, and argumentative.  Plaintiff brought her to her residence. SONDRA SHORTER stayed with Plaintiff for two weeks wherein SONDRA SHORTER's mental state vastly improved.  During her visit, Defendants DANIEL STEWART and JOVITA SILVERA harassed Plaintiff and SONDRA SHORTER with texts, phone calls and wellness checks.  Defendant DANIEL STEWART was emotionally abusive and threatened SONDRA SHORTER that he would "turn her over to the State" if he did not allow her to have control over her estate.

40.  On May 16, 2023, Defendant DANIEL STEWART filed a petition for temporary conservatorship.  Defendant JONATHAN ROSENBLOOM set the matter for hearing on June 10, 2023.  At no time did Defendant JOHNATHAN ROSENBLOOM ask Defendant DANIEL STEWART why less restrictive alternatives were not appropriate or helpful or why he did not file a statement of facts about the alternatives to conservatorship that he considered as required by Probate Code Section 1821.  Had he done so, perhaps Defendant JONATHAN ROSENBLOOM would have learned about the estate documents prepared by Defendants SOPHIA AND TAYLOR PRESTON that solely benefit Defendant DANIEL STEWART and the section of the trust that allows him to transfer all of SONDRA SHORTER'S assets to himself once a conservatorship is established or she is declared incompetent by a medical doctor.  When 81-year-old SONDRA SHORTER attempted to explain that she did not want to be conserved and the reasons why, Defendant ROSENBLOOM told her to be quiet and if she said another word, he would sanction her.  He also threatened to sanction Plaintiff for explaining SONDRA SHORTER'S medical condition and why her doctors refuse to provide a capacity declaration at this time. The petition for temporary conservatorship was denied.

41.  On May 8, 2023, Defendant JONATHAN ROSENBLOOM issued an order that SONDRA SHORTER cannot leave Los Angeles County.  This order was punitive in nature and has the effect of confining SONDRA SHORTER in violation of her First Amendment right of Freedom of Association and her Fifth Amendment right to not be deprived of liberty without due process of law.  Defendant JONATHAN ROSENBLOOM issued an order of confinement without ever having acquired jurisdiction over the person or estate of SONDRA SHORTER.  Furthermore, the issuance of a confinement order exceeded the jurisdiction of a judicial officer that is assigned to solely handle probate and conservatorship matters, not criminal matters.  Defendant State of California has no mechanism in place to supervise, manage and train judicial officers like Defendant JONATHAN ROSENBLOOM.

42.  On June 3, 2023, Defendant SHERYL HAYASHIDA emailed Plaintiff a petition for the appointment of a *guardian ad litem*.  She allegedly requested the appointment because SONDRA SHORTER told her she did not trust her, which is not a statutory basis for the appointment of a *guardian ad litem* in probate conservatorships.  Plaintiff immediately insisted that HAYASHIDA not seek such an appointment as she did not have a legal basis to do so, and she was only seeking to exhaust SONDRA SHORTER'S financial resources.

43.  On July 7, 2023, Defendant DANIEL STEWART filed a capacity declaration executed by Defendant NICHOLAS THALER, a Phd of Psychology attesting that he performed a complete neuropsychological evaluation on SONDRA SHORTER.  Defendant THALER concluded that SONDRA SHORTER 1) was able to attend the July 10th hearing; 2) she is able to give informed medical consent; and 3) has a major neurocognitive disorder and could benefit from certain medications.  The declaration is inconsistent on its face since a person with a major neurocognitive disorder cannot give informed medical consent.  Defendant NICHOLAS

THALER admitted that SONDRA SHORTER was not his client. Neither is she under his care or treatment. Neither did he consult with her treating physicians. And, he had no information about her medical history. Although Defendant NICHOLAS THALER states that SONDRA SHORTER is capable of giving informed medical consent, she denies giving him consent for a neuropsychological evaluation to be utilized in the conservatorship proceeding or otherwise. Thus, Defendants DANIEL STEWART AND JOVITA SILVERA utilized trickery and deceit to obtain an ineffective capacity declaration.

44. On July 10, 2023, Defendant JONATHAN ROSENBLOOM presided over a hearing and noted that a capacity declaration had been filed. He seemed very pleased. Defendant SHERYL HAYASHIDA noted that the psychologist concluded that SONDRA SHORTER is capable of giving informed medical consent. Plaintiff objected to the report on the grounds that Defendant NICHOLAS THALER is not her treating psychologist or physician, yet he issued an opinion concerning a medical condition without having knowledge of SONDRA SHORTER'S medical history or the opinions of her neurologist and treating Cedars Sinai medical team. Defendant JONATHAN ROSENBLOOM was angered and said he can't use the capacity declaration to establish a conservatorship. He then looked at Plaintiff and said, "I can issue a conservatorship for other reasons." This statement was made without a factual basis in terms of the statement "other reasons." Defendant JONATHAN ROSENBLOOM then continued the matter and demanded that the proposed conservator get him a capacity declaration he can use. Again, no discussion was had about less restrictive alternatives, a Supported Decision-Making Agreement, an accounting by Defendant DANIEL STEWART, or order that Defendant DANIEL STEWART explain the current state of SONDRA SHORTER'S financial affairs.

45.  On July 10, 2023, Defendant JONATHAN ROSENBLOOM violated SONDRA SHORTER'S constitutional rights of freedom of association and her liberty interests as guaranteed by the First and Fourteenth Amendments of the U.S. Constitution by issuing an order that she is not to leave L.A. County.  The order is cruel and punitive in nature, thereby constituting an order of confinement without procedural due process.  By issuing said order, Defendant JONATHAN ROSENBLOOM exceeded his jurisdiction as a judicial officer assigned to hear and decide probate and conservatorship matters does not have authority to issue confinement orders that are criminal in nature.

46.  On July 10, 2023, Defendant JOVITA SILVERA attempted to obtain a temporary domestic violence restraining order to force Plaintiff to stay away and not contact her mother. The request was filed in Inglewood Superior Court.  Defendant PATRICIA TITUS denied the request for a temporary restraining order and set the matter for hearing on August 1, 2023.

47.  On July 11, 2023, Plaintiff notified Defendant SHERYL HAYASHIDA about the emotional abuse Defendant JOVITA SILVERA was inflicting upon SONDRA SHORTER. Plaintiff asked Defendant HAYASHIDA for a recommendation on how to address the matter given the court's restriction that SONDRA SHORTER cannot leave L.A. County.  Defendant HAYASHIDA never responded to Plaintiff's inquiry.  Neither did she inform Defendant SUPERIOR COURT OF LOS ANGELES COUNTY. Plaintiff also emailed Defendant HAYASHIDA on July 21, 2023, to inform her that Defendant JOVITA SILVERA was locking SONDRA SHORTER inside of the Inglewood residence thereby jeopardizing her safety and well-being.  Defendant HAYASHIDA did not respond to my email.  At no time during the conservatorship proceedings, has Defendant HAYASHIDA taken action to protect SONDRA SHORTER's safety or her financial interests.

COMPLAINT FOR DAMAGES AND EMERGENCY INJUNCTIVE RELIEF - 22

48. On July 13, 2023, Defendant DANIEL STEWART issued a deposition subpoena for SONDRA SHORTER'S bank records. SONDRA SHORTER contacted Defendant SHERYL HAYASHIDA and asked her to oppose the deposition subpoena for her bank records. Plaintiff followed with an email insisting that Defendant HAYASHIDA file an objection and/or a motion to quash the subpoenas.

49. On July 27, 2023, Defendant HAYASHIDA emailed Defendant DANIEL STEWART'S attorney and stated the following "I will be filing a motion to quash both Depo Sub to Bank of America and to Chase P Morgan. I have obtained a hearing date and time for the Motion in D-11: November 20, 2023, at 9:30 am. I will file a notice and the motion. In the meantime, if you could answer my prior emails regarding what is your client's plans for my client should he become the conservator, what is the status of the Thurman home, my client's mail, etc. Also, please inform me as to why you believe your client should be able to access my client's private financial information. I will reconsider the motion if I am satisfied that there is a reasonable basis for your discovery request and if my client agrees." Ms. Hayashida subsequently withdrew her motion to quash without consulting SONDRA SHORTER about whether she wanted her inalienable constitutional right of privacy protected. Defendant SHERYL HAYASHIDA is, and at all times was, aware that SONDRA SHORTER adamantly opposes the conservatorship and is adamant about not wanting DANIEL STEWART to have anything to do with her person or her estate. She was also aware that SONDRA SHORTER does not consent to the subpoenas and insisted that she object or move to quash them.

50. On July 26, 2023, Plaintiff filed an *ex parte* application for modification of the court's order of July 10, 2023, restricting SONDRA SHORTER to Los Angeles County because of the ongoing and continuous financial, emotional, and isolation abuse by Defendant JOVITA

COMPLAINT FOR DAMAGES AND EMERGENCY INJUNCTIVE RELIEF - 23

SILVERA, her youngest daughter.  Plaintiff explained to the court that Defendant JOVITA SILVERA initiated a practice of locking the exterior iron gates of the Inglewood residence that is owned by SONDRA SHORTER so that she could not leave the premises.  Specifically, on July 15th, SONDRA SHORTER was forced to climb a six-foot tall iron gate because she wanted to attend the funeral of a family friend.  Defendant JOVITA SILVERA refused to unlock the gate locks so SONDRA SHORTER could leave.  SONDRA SHORTER fell and hit her head really hard. Jovita Silvera watched her climb the gate and fall.  She then ran outside laughing and recording the incident and blamed me for SONDRA SHORTER's fall. Defendant JOVITA SILVERA locked the gate on at least two other occasions.  Locking SONDRA SHORTER inside the perimeters of the residence places SONDRA SHORTER in imminent danger in the event she has a medical emergency or there is a fire and first responders can't reach her.  She can't leave the premises, and no one can get inside the gate to assist her should an emergency arise. Additionally, Plaintiff described the emotional abuse and disrespect SONDRA SHORTER endured because of Defendant JOVITA SILVERA and her boyfriend, Demetrius Baker. Despite the imminent danger of emotional and physical abuse, Defendant JONATHAN ROSENBLOOM denied Plaintiff's request to issue an order to protect SONDRA SHORTER and allow her to visit Plaintiff at a minimum on the weekends to buffer the tension between Defendant SILVERA and her.  His stated rationale being there was no "urgency" despite the order having the effect of egregiously impeding SONDRA SHORTER's liberty interests and constitutional right of freedom of association particularly as to family members.

51.  On August 1, 2023, Defendant PATRICIA TITUS granted Defendant JOVITA SILVERA a 5-year no-contact and stay-away order for Defendant JOVITA SILVERA and SONDRA SHORTER.  The transcript reveals that the 5-year restraining order was issued based

on the psychotic, dishonest, and illogical rants of Defendant JOVITA SILVERA. There were no witnesses or evidence presented to substantiate the false and illogical assertions of threats of physical violence.  The restraining order is penal in nature and unsupported by factual findings or legal authorities.

52.  The transcript also reveals that Defendant PATRICIA TITUS presided over the restraining order hearing when she should have recused herself.  During the hearing, Defendant PATRICIA TITUS admitted she knew Plaintiff although she wasn't completely honest about how she knew Plaintiff.  Plaintiff and Defendant TITUS initially met via the Black Women Lawyers Association.  She was employed with the State Bar of California in the Office of Trial Counsel at the time.  Defendant TITUS was aware of and may have participated in Plaintiff's disbarment proceedings overseen by former State Bar Hearing Judge David S. Wesley who illegally presided over State Bar hearings as well as L.A. Superior Court matters as a commissioner and L.A. Superior Court Judge.

53.  On August 4, 2023, Defendant SHERYL HAYASHIDA filed a motion to quash deposition subpoenas for bank records from Chase Bank and Bank of America.  On November 14, 2023, Defendant HAYASHIDA withdrew the motion to quash without consulting with SONDRA SHORTER and in complete disregard for SONDRA SHORTER's inalienable constitutional right of privacy in her financial records.

54.  On August 8, 2023, Defendant DANIEL STEWART filed a notice of related cases in Cases No. 22STPB12451 and 23IWRO00747.  Thereafter, Defendant STEWART denied in court records that a Notice of Related Cases had been filed in his opposition to Plaintiff's motion to relate the cases.  In his order denying Plaintiff's Motion to Relate Cases, Defendant

JONATHAN ROSENBLOOM falsely represented that a Notice of Related Cases had not been filed in the proceedings.

55.   On August 14, 2023, a hearing was held in Department 11 on the issue of whether Defendant DANIEL STEWART should be granted a conservatorship over SONDRA SHORTER based on medical evidence.  Defendant STEWART did not obtain a capacity declaration from a medical doctor as requested by Defendant JONATHAN ROSENBLOOM.  At the unilateral request of CAC Defendant SHERYL HAYASHIDA, Defendant ROSENBLOOM scheduled an evidentiary hearing/trial on the issue of whether SONDRA SHORTER has a major neurocognitive disorder that requires placement in a secured perimeter facility for the elderly. This request by Defendant HAYASHIDA was an egregious violation of her ethical and professional responsibilities to zealously advocate the desires of her client as well as Probate Code Section 1471(c) as SONDRA SHORTER repeatedly asked Ms. Hayashida to dismiss the conservatorship proceedings.  A trial was scheduled for December 11, 2023.  The date is now reserved for an OSC Re Why Daniel Stewart Should Not Be Appointed Temporary Conservator.

56.   On August 14, 2023, Plaintiff filed a request for order to quash service of process of the Restraining Order in Case No. 23IWRO00747.  The Superior Court clerk rejected the filing and falsely asserted my sole remedy is to appeal.  On August 21, 2023, Plaintiff filed another request for order to end the 5-year restraining order.  The Superior Court clerk rejected the filing and falsely asserted that Plaintiff's sole remedy is to appeal.  According to Local Rule 5.92(a)(2) In an action under the Domestic Violence Prevention Act, a Request for Order (form FL-300) must be used to request a modification or termination of all orders made after a hearing on Restraining Order After Hearing (form DV-130).  The Superior Court of California has intentionally refused each and every effort of Plaintiff to terminate the domestic violence

COMPLAINT FOR DAMAGES AND EMERGENCY INJUNCTIVE RELIEF - 26

restraining order after hearing as an effort to deny Plaintiff justice and equal protection of the laws because she is "Blacklisted" by all courts within the Defendant STATE OF CALIFORNIA.

57. On August 15, 2023, SONDRA SHORTER sent a letter to Defendant SHERYL HAYASHIDA via certified mail requesting that Defendant HAYASHIDA she withdraw as her Court Appointed Counsel. Defendant HAYASHIDA did not inform the court of SONDRA SHORTER's request. Neither did she withdraw as Court Appointed Counsel.

58. On August 23, 2023, while in the process of boarding an international flight, Plaintiff received a call from a healthcare professional at the Curtis Tucker Health Center. The person indicated that she was with SONDRA SHORTER who asked her to call Plaintiff. The individual stated that SONDRA SHORTER was there because she feared for her emotional and physical safety because Defendant JOVITA SILVERA argues with her regularly to the point of a near physical altercation. The professional stated that she was reporting the matter to the Inglewood Police Department and Adult Protective Services.

59. On September 7, 2023, Plaintiff received a call from SONDRA SHORTER informing her of an incident between Defendant JOVITA SILVERA and SONDRA SHORTER'S long-time friend and colleague, Gloria Taylor. Defendant SILVERA told Gloria that Taylor was not allowed to visit SONDRA SHORTER. Taylor disagreed. An argument ensued and the police were called. Defendant SILVERA sought to isolate SONDRA SHORTER to control her and to subject her to emotional and physical abuse without accountability.

60. On September 8, 2023, Plaintiff attempted to file two petitions for restraining orders against Defendants DANIEL STEWART and JOVITA SILVERA utilizing the case numbers in the conservatorship proceedings. Both petitions were refiled by the Stanley Mosk court clerk on the second floor with new case numbers, 23STRO05975 and 23STRO05976 and then assigned to

Department 6 of the Inglewood Courthouse for hearing on October 3, 2023, for hearing by disqualified Judge PATRICIA TITUS.

62.   On September 11, 2023, Plaintiff filed a CCP 170.6 Peremptory Challenge against Judge Rosenbloom for bias and prejudice concerning the impending trial on SONDRA SHORTER'S mental state set to begin on December 11, 2023.  Judge Rosenbloom wrongfully denied the challenge as untimely.

63.   On or about September 14, 2023, Plaintiff received several voice mail messages from SONDRA SHORTER stating that Defendant JOVITA SILVERA had jumped on her, physically assaulted her, and taken her new cell phone because she wrongly believed she was speaking with me. SONDRA SHORTER said the two struggled and tussled until Defendant SILVERA overpowered her and took her cell phone. SONDRA SHORTER suffered bruises and a swollen hand.  This not to mention the emotional trauma and fear she experienced from the assault.

64.   On October 3, 2023, Plaintiff filed a CCP 170.6 peremptory challenge to Defendant PATRICIA TITUS.  Defendant TITUS found the peremptory challenge timely and transferred the matters to Judge Emily Spear.  A hearing was scheduled for November 2, 2023.

65.   On October 4, 2023, Petitioner Daniel Stewart issued deposition subpoenas for the production of business records of Cedars Sinai Medical Center.  [See Exhibits One and Two]. The records sought "all medical records, files, reports, correspondence, whatsoever, relating to any care, treatment diagnosis, prognosis, consultation and/or findings, including but not limited to, any and all emergency room records, nurses, notes, SOAP notes, operative reports, radiology reports, pathology reports, all test and test results, medication records, physical and/or occupational therapy records, workers compensation records, sign-in sheets, color photographs, patient information sheets, handwritten notes, transcriptions, prescriptions, telephone messages,

electronic media and any documents in the file from other health care providers, form 1/1/2019

to the present date pertaining to Sondra Shorter."

66.  The second subpoena issued by Defendant STEWART sought "any and all billing

records, including but not limited to itemized breakdown of charges, records of payments and/or

discounts with proof of amounts paid, contractual adjustments, write-offs, liens and balance due,

billing information with procedure and diagnosis codes (including any CPT codes), statements,

computer print-outs, fees for professional service and correspondence from Medicare, Medicaid,

Medi-Cal, the claims' records, from 1/1/2019 to the present pertaining to Sondra Shorter."  [See

Exhibit Two attached hereto].

67.  Both deposition subpoenas issued by Defendant STEWART contain the date of birth

and the social security number for SONDRA SHORTER.  This is an egregious violation of her

privacy and subjects her to identity theft and fraud.

68.  On October 20, 2023, Plaintiff filed notices to relate Case Nos. 23STRO05975 and

23STRO05976 in Case No. 22STPB12451.  Plaintiff also filed a motion to relate cases with a

hearing date of November 20, 2023.  Plaintiff asked her attorney service to deliver a copy of the

motion to Department 1 so that the judicial officer in Department 1 could review the matter and

determine whether they should be related or deferred to Defendant ROSENBLOOM.  At the

time, Plaintiff had no idea that Judge Michelle Williams Court, who has exhibited bias and

prejudice toward Plaintiff in the past, is now the judicial officer in Department 1 of the Stanley

Mosk Courthouse.  In fact, Plaintiff subsequently phoned the clerk of Department 1 and Plaintiff

was told by the clerk that Case No. 22STPB12451 is not in the court's system.

69.  On October 23, 2023, Plaintiff filed a motion to quash the deposition subpoenas

seeking SONDRA SHORTER's medical and billing records from Cedars Sinai. The motion was

filed not as her attorney, but as an objector and her personal representative with the right to assert her privacy interests not to mention the physician/patient privilege.  Defendant HAYASHIDA is rightly the person who has a duty to zealously advocate the interests of SONDRA SHORTER and therefore should have protected SONDRA SHORTER's privacy interests and the physician/patient privilege, but she did not.

70.  On November 2, 2023, a hearing was held before Judge Emily Spear in Department 6 of the Inglewood Courthouse on Plaintiff's requests for financial, emotional, and physical elder abuse restraining orders against Defendants DANIEL STEWART AND JOVITA SILVERA. Judge Spear did not allow any evidence or witness testimony to be presented. SONDRA SHORTER was present, but Judge Spear did not allow her to testify about the emotional, physical, and financial abuse she has endured from Defendants DANIEL STEWART AND JOVITA SILVERA.  She also did not allow any evidence from Plaintiff nor any of her witness testimony.  Judge Spear wrongly stated that she did not have jurisdiction over the restraining order proceedings, and they should be determined by Defendant ROSENBLOOM given the impending motion to relate cases.  Notwithstanding her assertion of lack of jurisdiction, she ruled that Plaintiff did not meet my burden of proof, despite having presented substantial evidence in court filings for the requests for an elder abuse restraining order.  Judge Spear exhibited not only a lack of judicial decorum, but a lack of the requisite knowledge of law and procedure.  For instance, Defendant SILVERA'S attorney presented Judge Spear with a black notebook filled with exhibits that he did not provide Plaintiff.  When, Plaintiff complained that Judge Spear should not review exhibits unless she too had a copy.  Judge Spear told her the exhibits were court orders and Plaintiff should already have those copies.  After much complaining, the attorney for Defendant SILVERA provided Plaintiff a copy of the exhibits.  Plaintiff discovered

the exhibits were not all court orders as represented by Judge Spear.  Judge Spear dismissed both restraining order requests.  She also argued with Plaintiff from the bench. She told Plaintiff she had been on the bench for five years in family and suggested Plaintiff "google" her.

72.  On November 7, 2023, Plaintiff filed an Order to Show Cause Re Contempt in Case No. 23IWRO00747 seeking to hold Defendant SILVERA for the numerous false representations made before Defendant TITUS in her request for a domestic violence restraining order against Plaintiff.  The Order to Show Cause was under review for over a week.  It was finally filed by the court clerk, but to date, no hearing date has been set by the court.  This is another instance of how Plaintiff is Blacklisted from justice in California Courts.

73.  On November 20, 2023, a hearing was held before Defendant ROSENBLOOM on Plaintiff's Motion to Relate Cases and Vacate the Restraining Order granted by Defendant Titus and the Motion to Quash the Depositions Subpoenas.  Judge Rosenbloom denied both of Plaintiff's motions.  He also denied the motion to quash the subpoenas for SONDRA SHORTER's financial records because the motion was withdrawn without cause by Defendant HAYASHIDA.  Regarding the Motion to Relate Cases, Defendant ROSENBLOOM said that Department 1 is the proper department to hear the motion.  Plaintiff asked him to refer the matter to Department 1 because Plaintiff provided Department 1 with a copy of the motion but received no response.  Michelle Williams Court presides in Department 1, and she has been biased against Plaintiff's interests for quite some time as Plaintiff previously complained of her judicial misconduct after Judge Court wrongfully issued an order labelling Plaintiff a vexatious litigant for the sole purpose of denying Plaintiff a forum to vindicate her disputes.  Defendant ROSENBLOOM refused to refer the matter to Department 1.  He also said that Plaintiff was "forum shopping" and did not comply with the rules governing requests to relate cases in

COMPLAINT FOR DAMAGES AND EMERGENCY INJUNCTIVE RELIEF - 31

different divisions of the Superior Court. Defendant Rosenbloom lied. The rules governing relating cases required a Notice of Related Cases be filed in the primary case and that a copy of the motion be given to Department 1. Both requirements were satisfied. This was just another example of how Plaintiff is Blacklisted from justice by California Courts. Furthermore, Defendant ROSENBLOOM never considered Rule 3.500 of the California Rules of Court provides that "[i]f the court orders that the case or cases be transferred from another court, the order must specify the reasons supporting a finding that the transfer will promote the ends of justice, with reference to the following standards: (1) The actions are not complex; (2) Whether the common question of fact or law is predominating and significant to the litigation; (3) The convenience of the parties, witnesses, and counsel; (4) The relative development of the actions and the work product of counsel; (5) The efficient utilization of judicial facilities and staff resources; (6) The calendar of the courts; (7) The disadvantages of duplicative and inconsistent rulings, orders, or judgments; and (8) The likelihood of settlement of the actions without further litigation should coordination be denied. This is an ongoing pattern and practice of Defendant ROSENBLOOM, e.g., ignoring prevailing law and procedure. This pattern and practice is allowed without impunity or supervision by Defendant STATE OF CALIFORNIA.

74. During the November 20, 2023, hearing, Defendant ROSENBLOOM unilaterally and on his own motion set an Order to Show Cause Hearing Re Why Daniel Stewart Should not be Appointed Temporary Conservator of SONDRA SHORTER. This despite having substantial evidence that Defendants DANIEL STEWART AND JOVITA SILVERA have financially, emotionally, and physically abused SONDRA SHORTER. And, Defendant DANIEL STEWART has been irresponsible and dishonest as a fiduciary over the person and estate of SONDRA SHORTER. Defendant ROSENBLOOM also falsely accused Plaintiff of practicing

law without a license because Plaintiff, as an objector and personal representative, objected to the invasion of SONDRA SHORTER's constitutional right of privacy in her medical and financial affairs absent a compelling state interest.  Defendant DANIEL STEWART has not and cannot meet his prima facie evidentiary burden that 1) SONDRA SHORTER is incapacitated; 2) is unable to manage her affairs and is subjected to undue influence or fraud; or 3) that conservatorship is the least restrictive alternative.  Notwithstanding, in another instance of abusing his discretion and authority, Defendant ROSENBLOOM acting with a gross abuse of his authority and discretion reason or law and refuses to follow statutory requirements for conservatorship and/or guardianship and protect the constitutional rights and physician/patient privilege of SONDRA SHORTER.  Instead, Defendant ROSENBLOOM is posturing SONDRA SHORTER to be conserved by a court appointed conservator as opposed to considering less restrictive alternatives as required by AB1663.  There are no records that establish that Plaintiff attempted to represent SONDRA SHORTER as an attorney at law in the conservatorship proceedings or otherwise.  At all times mentioned herein, Defendant HAYASHIDA is and was SONDRA SHORTER'S court appointed counsel.

75.  Defendant ROSENBLOOM also mentioned during the hearing on November 20, 2023, that he received a letter from SONDRA SHORTER written to CAC Defendant SHERYL HAYASHIDA expressing her dissatisfaction with Defendant HAYASHIDA and asking her to withdraw as her CAC.  Defendant ROSENBLOOM Rosenbloom said the letter was an *ex parte* communication, but Plaintiff am informed and believes that the letter was written to Defendant HAYASHIDA and Defendant ROSENBLOOM was simply copied.

76.  In November of 2023, Defendant ROSENBLOOM unilaterally and without notice to the parties, retained a probate investigator who issued a confidential investigator's report which constitutes an improper *ex parte* communication.

77.  Also during the hearing on November 20, 2023, Defendant ROSENBLOOM unilaterally appointed a *guardian ad litem* without a factual, legal, or statutory basis. Specifically, according to California law, a person is mentally incompetent for purposes of appointment of a *guardian ad litem*, if she lacks the capacity to understand the nature and consequences of the proceedings or is unable to assist her attorney in representing her interests. See *In Re Christina B.* (1993) 19 Cal.App4th 1441, 1450-1451. Defendant ROSENBLOOM appointed a *guardian ad litem* without evidence that SONDRA SHORTER lacks capacity to understand the nature and consequence of the conservatorship proceedings or is unable to assist her attorney. He also did not provide SONDRA SHORTER notice or an opportunity to be heard personally or challenge the guardianship appointment.  In fact, Defendant ROSENBLOOM did not issue letters or identify the issue the purpose for appointing the *guardian ad litem.* Neither did he identify the role of the *guardian ad litem.* The parties suggested mediation and/or settlement and Defendant ROSENBLOOM ignored that request altogether.

78.  Without finding that conservatorship is the least restrictive alternative as mandated by California Probate Code Section 1800.3, on December 29, 2023, Defendant ROSENBLOOM unilaterally and without petition by any party, issued an Order Appointing Daniel Stewart Temporary Conservator of the estate of SONDRA SHORTER.  Defendant ROSENBLOOM issued numerous unconstitutional orders, e.g. granting himself jurisdiction of the SONDRA SHORTER LIVING TRUST, dispensing with notice and appearance of SONDRA SHORTER, ordering an appraisal of the non-cash property of SONDRA SHORTER at her expense, ordering

a probate referee at the expense of SONDRA SHORTER, voided a property management power

of attorney, etc.

79.  In December of 2023, the California COMMISSION ON JUDICIAL

PERFORMANCE voted to not discipline or admonish Defendant ROSENBLOOM publicly or

privately, thereby condoning his abuse of power and blatant constitutional violations so that

ROSENBLOOM can continue to participate in the racketeering activity of professional

conservatorships.  Defendant ROSENBLOOM has thus been allowed by Defendant STATE OF

CALIFORNIA to continue to violate the constitutional rights of Plaintiff and SONDRA

SHORTER without impunity, accountability, oversight, or supervision.  In essence, Defendant

ROSENBLOOM has been allowed to abuse his authority as a judicial officer in probate and

conservatorship proceedings without having received appropriate education in law or procedure

or supervision by Defendant STATE OF CALIFORNIA and its Judicial Council and/or

California Courts.

78.  SONDRA SHORTER has been diagnosed with mild dementia of an unspecified

source.  Her short-term memory is compromised but she has been deemed capable of making her

own informed decisions as to her person and her estate, which she has done through her estate

planning.  Her long-term memory is intact for the most part.  She is functional in that she can

cook and feed herself, bathe herself, and clothe herself.  She drives.  She attends church. She also

exercises regularly.  Defendant ROSENBLOOM has repeatedly ignored SONDRA SHORTER'S

stated preference to end the conservatorship proceedings and not be conserved by Defendant

DANIEL STEWART. Additionally, at no time has Judge Rosenbloom insisted that the Proposed

Conservator explain why less restrictive alternatives are not appropriate given that SONDRA

SHORTER has prepared an estate plan, a power of attorney, an advanced health care directive

and a will although she intends to revise all those instruments wrongly prepared by Daniel

Stewart's attorneys.  She is also desirous of utilizing a Supported Decision-Making Agreement

as defined in Section 21001 of the Welfare and Institutions Code as a less restrictive alternative

to a conservatorship.

79.  In essence, the stated objectives and enactments of AB 1663 have been thwarted by

Defendant STATE OF CALIFORNIA and its judicial officer Defendant JONATHAN

ROSENBLOOM.  The egregious actions of Defendants, and each of them, violate state and

federal constitutional rights and have resulted in unquantifiable and irreparable harm to Plaintiff

and her mother, SONDRA SHORTER.  Both SONDRA SHORTER and Plaintiff have been

emotionally and psychologically traumatized and denied liberty, due process, and familial

association by the conservatorship proceedings as they have been overseen by Defendant

JONATHON ROSENBLOOM.


### ALLEGATIONS RE: THE STATE BAR OF CALIFORNIA

80.  Defendant CALIFORNIA STATE BAR is established for governmental purposes

under the authority of the Constitution of the State of California at Article VI, Section 9. The

State Bar acts as the administrative arm of the California Supreme Court in all matters related to

attorney admission and discipline in California. Subject to the laws of the State, the Board of

Trustees of the State Bar of California may adopt rules and procedures to implement California

statutes, court rules, and to govern the State Bar.

81.  Defendant CALIFORNIA STATE BAR and THE CALIFORNIA LEGISLATURE

allow attorneys to engage in the practice of law immediately after being duly admitted and sworn

in.  There are no requirements that attorneys be officially trained in the practice of law, or do

internships to garner experience, merely that they meet the educational requirements for admissions. There are also no requirements that law firms adopt realistic, not aspirational, policies of diversity and inclusion for minorities, particularly Black Americans, who as a matter of course are regularly excluded from employment after incurring great expense to enter the field of law. In other words, the State Bar of California does nothing meaningful to advance the cause of diversity and inclusion for Black Americans entering the legal profession and then target them for discipline for mistakes and inexperience.

82. In December of 1988, Plaintiff Lecia Shorter was admitted and licensed to practice law in the State of California by the California Supreme Court after qualifying for admission based on the requirements of Defendant STATE BAR OF CALIFORNIA without ever receiving training in the actual practice of law. Defendant STATE BAR OF CALIFORNIA had no program or services in place to assist newly licensed attorneys to become qualified to engage in the practice of law versus the application of the law. Defendant STATE BAR OF CALIFORNIA further provided Plaintiff, a Black American female, absolutely no support in the form of apprenticeship, training, or internship while a student of law or after having been admitted to the practice, unlike medical doctors.

83. Without formal training, Plaintiff entered the practice of law as a sole practitioner without any understanding of the intensity, complications, or realities of the competitive and sometimes cruel, aspects of the field of law. Defendant STATE BAR OF CALIFORNIA provided any support in the actual practice of law. All pronouncements of diversity and inclusion in the practice of law were and remain, aspirational and theoretical. There were no mandatory apprenticeship, or training before being allowed to enter the field, particularly for newly licensed Black Americans. Instead, Defendant STATE BAR OF CALIFORNIA allowed

Plaintiff and other newly licensed attorneys to practice and make numerous mistakes while trying to teach themselves how to practice and survive in a world of piranhas.

84. Unfortunately, Plaintiff's practice fell apart, and instead of intervening to assist Plaintiff's retention in the field of law, Defendant STATE BAR OF CALIFORNIA began to aggressively and relentlessly pursue her for disciplinary and ultimately disbarment purposes.

85. In 1995, State Bar Hearing Judge David S. Wesley recommended Plaintiff's disbarment to the California Supreme Court and his recommendation was accepted. In 1995, after presiding over a disciplinary hearing, David Wesley recommended my disbarment. David Wesley wrote a very personal, vindictive, inaccurate, and vitriolic decision that was posted on the internet for years as an intentional plan to destroy any future professional or personal endeavors. In his Decision recommending Plaintiff's disbarment, David Wesley stated that Plaintiff reduced the practice of law to that of a "used car salesman."

86. According to the State Bar of California, no records or writings exist that confirm the appointment of David Wesley as a hearing judge by either the California Supreme Court or the California Senate Committee on Rules as required by law. Neither are there any records that indicate he was evaluated according to law by the Applicant Evaluation Nomination Committee for the position of State Bar of California. This means David Wesley, Defendant STATE OF CALIFORNIA, allowed David S. Wesley to oversee and issue decisions concerning the discipline, suspension, and disbarment of licensed attorneys at taxpayer expense without legal qualification.

87. After working as a State Bar hearing judge and while remaining inactive, David Wesley was hired as a Commissioner of the Los Angeles Superior Court from 1995 to 1997. The candidacy requirements for Court Commissioners include the submission of a copy of your

California State Bar card showing active status. Each candidate is to be evaluated by the Court Commissioner Selection Committee. The State Bar records list Wesley as inactive from 1995 to 1997.  It was therefore impossible for him to satisfy the requirement of a State Bar card showing active status.  Without active status, it should have been impossible for him to overcome the scrutiny and appointment of the Court Commissioner Selection Committee while an inactive attorney because the job required him to be active.  Defendant STATE OF CALIFORNIA allowed David S. Wesley to sit as a Commissioner of the Los Angeles Superior Court unlawfully and without qualification at taxpayer expense.

88.  In addition to his questionable assignments as State Bar hearing judge and Court Commissioner, Defendant STATE OF CALIFORNIA allowed David S. Wesley to sit on the bench of the Los Angeles Superior Court as a judge from 1997 to his retirement in 2018.  No governmental entity has records of any appointment of David Wesley by election, by appointment nor confirmation from the California Supreme Court in 1997 when he took the bench, yet he enjoyed a full and celebrated career as a Los Angeles Superior Court judge in both criminal and civil courts after illegally annihilating the professional lives of licensed attorneys while he was a State Bar hearing judge. Neither is there evidence that David S. Wesley was evaluated by the State Bar Judicial Nomination Committee as required by law. This means Defendant STATE OF CALIFORNIA, in complete disregard of the law, allowed David Wesley to sit as a celebrated Los Angeles Superior Court judge (he even rose to become the presiding judge) and issued criminal sentencing orders, civil judgments, and other decisions which are invalid and should be vacated because he was never legally qualified to wear a black robe.

89.  In 2010, David S. Wesley submitted an executed Candidate Information Form to the Los Angeles County Recorder wherein he represented that he was appointed on December 15,

COMPLAINT FOR DAMAGES AND EMERGENCY INJUNCTIVE RELIEF - 39

1997, he was elected on November 3, 1998, and he was elected February 2, 2004.   Apparently,

Wesley was elected by default in 2004.   His name did not appear on the ballot and he had no

contenders.   Thereafter, he was elected twice by default because he had no challengers.  Still,

the State Bar of California has no records that his background and qualifications were

investigated by the Commission on Judicial Nominees Evaluations as required by law.  Had he

been appointed, Wesley's appointment would have had to be approved by the State Bar

Commission on Judicial Nominees Evaluations.  The State Bar has no records.  Plaintiff is

informed and believes and thereon alleges that David S. Wesley was never evaluated, confirmed,

or sworn into office by the California Supreme Court as required by law.

90.  In 2019, Plaintiff complained to Defendant STATE BAR OF CALIFORNIA and

THE STATE OF CALIFORNIA about David S. Wesley illegally presiding as a State Bar

Hearing Judge, Los Angeles Superior Court Commissioner, and, Los Angeles Superior Court

Judge.  At no time did either Defendant STATE BAR OF CALIFORNIA or THE STATE OF

CALIFORNIA investigate, discipline, or prosecute David S. Wesley for his crimes.

91.  Defendant JONATHAN ROSENBLOOM was allegedly appointed to serve as Los

Angeles Superior Court Judge by former governor Jerry Brown in 2018.  Article 6, Section 16 of

the California Constitution provides that a Superior Court judicial appointment is not effective

until an appointee is evaluated by the Commission on Judicial Appointments.  The State Bar of

California has not confirmed that he was evaluated by their Commission of Judicial Nominees

Evaluations.  The California Judicial Council has not confirmed that he was confirmed by the

Supreme Court of the State of California or their Commission on Judicial Appointments.

92.  According to Ballotpedia, Defendant JONATHAN ROSENBLOOM won re-election

for judge of the Superior Court of Los Angeles County in California outright in the primary on

March 3, 2020, after the primary and general elections were canceled. Defendant ROSENBLOOM was allegedly appointed by the former governor in 2018. He was not "re-elected" in 2020 as he had never been previously elected. Defendant STATE OF CALIFORNIA has not confirmed that Defendant JONATHAN ROSENBLOOM was evaluated by the State Bar Commission on Judicial Nominees Evaluations, the Judicial Council Commission on Judicial Appointments, that he was confirmed or sworn into office by the California Supreme Court.

93.   Defendant STATE OF CALIFORNIA has a statutory and legal duty to maintain the public confidence and the integrity of the judiciary. Allowing judges to assume office without proper evaluation by the State Bar of California or the Judicial Council as required by law is a breach of the public's trust particularly when those who sit in office illegally issue orders that egregiously violate the constitutional rights of citizens and taxpayers of the State of California.

### STATE BAR RACIAL DISPARITIES IN DISCIPLINE

94.   The State Bar of California has a statutory mission that includes eliminating bias and promoting diversity in the legal profession yet they do nothing to meaningfully advance the cause of inclusion of Black Americans. From 1990 to the present, there has existed a disproportionate representation of nonwhite attorneys in the discipline system. By Defendants own admission, "for years there has existed racial disparities in California attorney discipline." Black attorneys are disciplined, suspended, disbarred, forced to resign, and refused reinstatement at nearly three times the rate of their white counterparts. In 2019, the State Bar retained Professor George Farkas to conduct a study on the racial disparities in discipline from 1990 to 2018, the same time period that the State Bar refused to investigate Tom Girardi for any complaint no matter the egregious nature, and Plaintiff was disbarred. The Farkas report

concluded that among other things, the number of previous complaints, the size of the firm and whether the attorney retained counsel during the investigation all played significant roles in the decisions to discipline Black attorneys more than any other group. Blatant and systemic racism was not mentioned.  Nevertheless, Plaintiff was disciplined in her second year of practicing for a minor offense with a 30-day suspension.  She had no prior complaints, and the State Bar aggressively pursued her for prosecution of a technical offense used to serve her client's interests.  Thereafter, the State Bar continued to aggressively pursue Plaintiff for any and all complaints received whether or not they were meritorious.  The State Bar of California aggressively monitors Black attorneys and looks for opportunities to prosecute them whether or not they have received a complaint from the public and whether the offense is a minor and due to an oversight.  Plaintiff was disbarred in 1996 for a matter that involved a fraction of the misconduct of Girardi, Marc Geragos (56 complaints since 1986 and a clean record) or Luke Zouvas (87 complaints in 20 years with no disciple until he was indicted on money laundering charges).

95.  Contrary to how Black attorneys are pursued for discipline, the State Bar protects white attorneys e.g. Tom Girardi from prosecution and has refused to investigate or prosecute all complaints Plaintiff has presented to the State Bar irrespective of the egregious nature of the offenses.   Specifically, the State Bar has refused to investigate and prosecute former and current attorneys who were employed by Steptoe and Johnson notwithstanding overwhelming evidence of blatant, egregious acts of obstruction of justice, fraud, and abuse of process in their representation of Plaintiff in her federal civil rights lawsuit, *Shorter v. Baca, et al*.  Those attorneys are:  Dylan Ruga, Robyn Crowther, Michael Baratz, Ji In Lee, David Kwaznieski, Meegan Brooks, and Casey Matthews all of whom the State Bar refuses to prosecute for their

blatant misconduct and professional violations that have been ongoing and continuous from 2014 thru 2023.

96.   The State Bar has also refused to investigate and discipline Sheryl Hayashida, Margaret Reyes, Sophia Preston, and Taylor Preston in connection with their misconduct related to Plaintiff and her mother, SONDRA SHORTER concerning their involvement in the conservatorship proceedings initiated by Defendant DANIEL STEWART and preparation of estate planning without allowing SONDRA SHORTER independent counsel to understand the rights she was granting Defendant DANIEL STEWART.  The refusals to discipline non-Black attorneys when the conduct involves Plaintiff or Black Americans has been, and remains, a practice of the State Bar from 2000 to the present.  It is unconstitutional and a violation of the State Bar Act.

97.   From 1990 to the present, Plaintiff and other Black attorneys who were duly licensed to practice law in the State of California have endured disparate treatment in their person and in their profession because of their race.  They were also deprived of due process and equal protection of the laws.  As a direct and proximate, Plaintiff has been injured in her business, property, and emotional well-being.

**FIRST COUNT**
**FOR CIVIL RICO VIOLATIONS 18 U.S.C. §1964**
**AGAINST DEFENDANTS STATE OF CALIFORNIA, THE STATE BAR OF**
**CALIFORNIA, JONATHAN ROSENBLOOM, CALIFORNIA CREDIT UNION,**
**CalSTRS, FIDELITY INVESTMENTS, AND PATRICIA TITUS, DOES 1 THRU 10)**

98.   Plaintiff incorporates herein by reference paragraphs 1 through 92 as though fully set forth below.

COMPLAINT FOR DAMAGES AND EMERGENCY INJUNCTIVE RELIEF - 43

99.  The Supremacy Clause of the Constitution mandates that "[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2 Defendant STATE OF CALIFORNIA.  Article 6, Section 1 of the California Constitution states that "[t]he judicial power of this State is vested in the Supreme Court, courts of appeal, and superior courts, all of which are courts of record."

100.  The Constitution of California is the primary organizing law for the U.S. state of California, describing the duties, powers, structures, and functions of the government of California. California is a State of the United States subject to the laws of the U.S. Constitution and the law of the United States including but not limited to the laws that prohibit a State from engaging in acts that constitute or allow civil rights violations, race discrimination, obstruction of justice, criminality, due process violations and denials of equal protection of the laws of the United States or the State of California.  Notwithstanding, the State of California and its governmental branches and agencies e.g. the Office of the Governor of the State of California, the California Courts, the State Bar of California, the Commission on Judicial Performance, the Judicial Council, and the County of Los Angeles, individually, and jointly engage in conduct that constitutes obstruction of justice and patterns of racketeering in violation of 18 U.S.C. §1962(c) and §1962(d).  The State of California operates its branches of government, particularly the Superior Courts as racketeering enterprises with blatant patterns of racketeering activity. In other words, California has infiltrated organized crime into the California judicial system in the administration of conservatorships, probate, and other matters with racketeering patterns that disregard the law and violate the constitutional rights of court participants.

101.  One of the RICO enterprises claimed by Plaintiff is the unlawful and unconstitutional maintenance of professional conservatorship court proceedings wherein the assets and wealth of Black Americans are transferred to non-Black citizens in violation of the due process safeguards set forth in California Probate Code Sections 1800.3(b), 1800.3(c), 1801(a), 1801(e), 1825, and 1826 as well as the Constitutions of the U.S. and the State of California.  Defendant State of California utilizes various branches of government, particularly the Superior Courts, and its judicial officers to illegally conduct professional conservatorships over persons and estates to transfer wealth and prevent Black Americans with real property in highly gentrified communities from transferring their wealth to their heirs and designated beneficiaries as part of a common plan and scheme. Defendants California Credit Union, Fidelity Investments, and its assistant general counsel Defendant FRED MESSERER are financial institutions, a pension plan and its attorneys/agents that have all participated in the plan and scheme to illegally transfer the wealth of SONDRA SHORTER to the detriment of her heirs and designated beneficiaries.

102.  Plaintiff is informed and believes and thereon alleges that Defendants have established and operated the professional conservatorship racketeering enterprise for the purpose of secretly acquiring financial and ownership interests in the assets that are confiscated from Black and elderly persons like SONDRA

SHORTER which then affects interstate commerce as the assets can be in foreign jurisdictions and still be confiscated and subject to the management and control of Defendants given the vast powers of conservators granted in Probate Code Sections 2400-2410.

103.  The Second Racketeering Enterprise established by Defendants is the systemic pattern of allowing unconstitutional and unvetted judges to preside in Superior Court and in State Bar disciplinary proceedings without being qualified according to the California Constitution or California law.  Plaintiff is informed and believes and thereon alleges that Defendants receive salaries, ownership interests in real estate and other favors as result of allowing unconstitutional judges to preside in Superior Court proceedings and State Bar disciplinary proceedings all of which impact foreign and interstate commerce.

104.  The third Racketeering Enterprise established by Defendants is the unfair, unlawful systemic exclusion of Black attorneys from the practice of law by aggressively targeting Black attorneys from the practice of law, oftentimes for many offenses.  Defendants' pattern is to aggressively discipline Black attorneys for minor offenses and then ignore major offenses of their non-Black counterparts e.g. Tom Girardi and Mark Geragos.  Defendants have acquired income and proceeds directly as a result of their discriminatory disciplinary proceedings in the

form of financial gifts and favors from white males while ignoring their egregious professional misconduct which then impacts foreign and interstate commerce.

105.   The third Racketeering Enterprise of Defendant State of California and its Courts is the subjective and unfair use of the vexatious litigant statutes to unfairly exclude citizens of the State of California from access to the courts in violation of their constitutional right to due process and access to have their grievances heard in a court of law.  Plaintiff is informed and believes and thereon alleges that Defendants have acquired income and proceeds as a direct result of the unfair, subjective, and unlawful exclusion of California citizens from accessing courts to protect corporate interests from civil litigation.  In the instance of Plaintiff, it was General Motors and its affiliates.

**Predict Act One – Unconstitutional Judges – Predicate Acts of Perjury and Obstruction of Justice**

106.   According to Article 6, Section 16(d)(2) and (3) of the California Constitution, the Judicial Council's Commission on Judicial Appointments assists the governor in the judicial selection process of Appellate Court and Supreme Court judges.  The selection process in Section 16(d) can also apply to Superior Court judges but the Judicial Council has represented that it does not evaluate Superior Court judges. A nomination or appointment by the Governor is effective

only when confirmed by the Commission on Judicial Appointments.  However, since the Judicial Council does not evaluate Superior Court judges, that responsibility should fall upon the State Bar of California pursuant to Government Code Section 12011.5(a),  The State Bar's Judicial Nomination Evaluation Committee Bar Board of Trustees, JNE is charged with thoroughly investigating and evaluating candidates under consideration for appointment by the governor to California judgeships. The commission cannot nominate or appoint judges, but should help promote a California judiciary of quality and integrity by providing independent, comprehensive, accurate, and fair evaluations of candidates nominated for judicial appointment.

107.  Pursuant to Government Code Section 12011.5, the governor must submit the names of all judicial candidates for appointment to the State Bar of California's Judicial Nomination Evaluation Committee (JNE).  review. JNE has 90 days, operating independently of the Board of Trustees, to complete its evaluation. JNE conducts its work under a strict code of confidentiality called for by law and by the Rules of the State Bar.

108.  Article 6, Section 16(d)(2) of the California Constitution states that "a nomination or appointment by the Governor is effective when confirmed by the Commission on Judicial Appointments."  The Commission on Judicial Appointments is a branch of the California Judicial Council.

COMPLAINT FOR DAMAGES AND EMERGENCY INJUNCTIVE RELIEF - 48

99.  David S. Wesley is a former Los Angeles Superior Court Judge, Los Angeles Superior Court Commissioner, and State Bar of California Hearing Judge. He served in those offices from 1993 until his retirement in 2017.  David S. Wesley was allowed to sit in each position without ever meeting the statutory qualifications, prerequisites, or approval of the California administrative agencies, the California Legislature, or the Supreme Court of the State of California.

109.  David S. Wesley sat as a State Bar Hearing judge from 1993 to 1995 presiding over disciplinary hearings for licensed attorneys.  Wesley presided over disciplinary hearings concerning Plaintiff Lecia Shorter and recommended her disbarment which happened in 1996.  The California Supreme Court accepted his recommendation and issued an order of disbarment for Plaintiff.

110.  According to the State Bar of California, no records or writings exist that justify the appointment of David Wesley as a State Bar hearing judge.  He was not confirmed by either the California Supreme Court or the California Senate Committee on Rules as required by California law. Neither are there any records that indicate he was evaluated according to law by the Applicant Evaluation Nomination Committee as required by law.  David S. Wesley oversaw State Bar disciplinary hearings and issued decisions concerning the discipline and disbarment of licensed attorneys at taxpayer expense without legal qualification. Although all State Bar hearing judges go on inactive status while serving as

COMPLAINT FOR DAMAGES AND EMERGENCY INJUNCTIVE RELIEF - 49

hearing judge, they only do so after they have been legally evaluated and nominated by either the Supreme Court of California or the Senate Committee on Rules.  Neither happened with David Wesley.

111.  In his Decision recommending Plaintiff's disbarment, David Wesley wrote a very personal, vitriolic Decision.  Among other inappropriate comments, Wesley referred to Plaintiff Lecia Shorter as a liar and someone who reduces the legal profession to that of a used car salesman when he himself was an illegal administrative hearing judge.  The amount at issue was $7,000 and the clients owed Plaintiff over $6,000.  It was essentially a fee dispute.  Wesley's recommendation for Plaintiff's disbarment was accepted by the California Supreme Court in 1996.  Wesley's Decision was allowed to remain on the internet for public consumption for more than ten (10) years making it virtually impossible for Plaintiff to secure employment or operate a business because he intentionally marred her character deeply.  Plaintiff has notified Defendant State of California, the Judicial Council, and the State Bar of California of David S. Wesley's illegal status and no action has been taken to rectify the void orders that have been entered by him in the State Bar Court or the Superior Court of Los Angeles County.

112.  After working as a State Bar hearing judge and while remaining on inactive status with the State Bar, David Wesley was hired as a Commissioner of the Los Angeles Superior Court from 1995 to 1997. Court Commissioners conduct

hearings on various legal matters including Child Support, Civil, Criminal, Family Law, Juvenile, Probate, Small Claims and Traffic. Court Commissioners hear testimony from witnesses and, upon agreement of the parties, sit as a Judge Pro Tempore. Court Commissioners may be assigned to sit in any of the Court facilities in Los Angeles County.  The candidacy requirements for Court Commissioners include the submission of a copy of your California State Bar card showing active status. Each candidate is to be evaluated by the Court Commissioner Selection Committee. The State Bar records list Wesley as inactive from 1995 to 1997.  Plaintiff is informed and believes and thereon alleges that there are no records confirming the evaluation of David S. Wesley as Commissioner for the Los Angeles Superior Court.

113.  David S. Wesley sat as a Los Angeles Superior Court judge from 1997 to 2017.  Plaintiff is informed and believes and thereon alleges that David Wesley was neither appointed nor elected to serve as a judge in 1997.  No governmental entity has records of any appointment of David Wesley by nomination or election in 1997.  Notwithstanding, David Wesley enjoyed a full and celebrated career as a Los Angeles Superior Court judge in both criminal and civil matters after illegally annihilating the professional lives of licensed attorneys while he was a State Bar hearing judge. Indeed, David Wesley was rose to become the presiding judge of the Los Angeles Superior Court and issued criminal sentencing orders, civil

judgments, and other decisions which are invalid and should be vacated because he was never legally qualified to wear a black robe.

114.   On February 22, 2010, David S. Wesley signed and filed a candidate information with the Los Angeles County Recorder in 2010.  He stated that he was appointed to the bench in 1997.  He also represented under penalty of perjury that he was elected as a judge in 1998. He was not.  He also represented that he was elected in 2004.  Plaintiff is informed and believes and thereon alleges that David S. Wesley was elected by default in 2004.

115.   Plaintiff is informed and believes that there exists a practice engaged in by the State of California, the County of Los Angeles, and the California Courts that allows a sitting judge, whether legal or illegal, to fill out a candidate information form and if no one else runs for the judicial seat filled by that judge, the candidate wins by default without his or her name appearing on the ballot. Article 16, Section 16(b) of the California Constitution provides that the Legislature may provide that an unopposed incumbent's name not appear on the ballot.  David S. Wesley was elected twice by default in 2004 and 2010 without his name appearing on the ballot, because he was unopposed.  Plaintiff is informed and believes and thereon alleges that the State Bar of California has no records that his background and qualifications were investigated by the Commission on Judicial Nominees as required by law.  The judicial council has no record of David Wesley

having been evaluated by the JNE.  There are also no records that the California Supreme Court confirmed him as judge.

116.   As a direct and proximate result of the practices and patterns of Defendant State of California and its governmental branches e.g. California Courts, Defendant State Bar of California, the people of the State of California, in general were defrauded by every judicial act of David S. Wesley including but not limited to criminal convictions.  Plaintiff Lecia Shorter, and other licensed attorneys similarly situated, have been injured in their businesses as attorneys, and thereafter in every business endeavor attempted including but not limited to consulting and mediation.  The predicate acts indicated herein involved courts in their adjudicative capacity and amount to perjury, fraud, and obstruction of justice, all falling within the purview of the RICO statutes.

**Defendant Jonathan Rosenbloom – Predicate Acts of Perjury and Obstruction of Justice**

117.   Defendant Jonathan Rosenbloom was appointed to the Los Angeles Superior Court in 2018 by former Governor Jerry Brown.  According to the California Constitution, Article 6, §16 provides that a nomination or appointment by the Governor is effective when confirmed by the Commission on Judicial Appointments.  Plaintiff is informed and believes and thereon alleges that

Defendant State of California, whether the State Bar Committee on Judicial

Nomination  Evaluations or the Judicial Council Commission on Judicial

Appointments, has no records of a judicial evaluation of the qualifications of

Defendant Rosenbloom as required by the California Constitution.  Instead, it is

the practice of the State Bar to allow gubernatorial candidates for the Superior

Court to occupy judicial seats without evaluation based on an exception set forth in

Government Code Section 12011.5 that allows judicial candidates to not be

evaluated if the evaluation does not occur within 90 days of their appointment or

nomination.  In 2020, Defendant Rosenbloom ran for Los Angeles Superior Court

judge in the Los Angeles County Primary Election as an incumbent.  Because he

was unopposed, his name did not appear on the ballot.  The election for his seat

was cancelled and he won by default.  According to the California Constitution,

Defendant Rosenbloom's nomination was not effective if there is no evidence of

confirmation by the Commission on Judicial Appointments.  If his nomination was

ineffective, then he was no an incumbent and his election was based on fraud.

118.    Since December of 2022 to the present, Defendant Rosenbloom has

unconstitutionally presided over conservatorship proceedings in L.A.S.C. Case No.

22STPB12451 concerning SONDRA SHORTER, Plaintiff's mother.   He has

allowed the proceedings continue over Plaintiff's objection and more importantly,

over SONDRA SHORTER's objection. The Los Angeles Superior Court does not

have jurisdiction over the person or estate of SONDRA SHORTER.  Nevertheless, orders have been issued confining SONDRA SHORTER to Los Angeles County, denying motions to quash subpoenas for bank and medical records, revoking powers of attorney for property management, *sua sponte* supervision of a living trust, *sua sponte* appointment of a *guardian ad litem*, temporary conservator, probate referee, appraisals, court-appointed counsel, and probate investigator all at the expense of SONDRA SHORTER and without supervision, accountability, or establishing the statutory prerequisites mandated for the orders issued.

119.  Every objection, application, and motion presented by Plaintiff has been either ignored or denied by Defendant Rosenbloom in complete disregard of the prevailing conservatorship law as set forth in the California Probate Code and AB 1663.  Jonathan Rosenbloom is unsupervised by the State of California and allowed to repeatedly disregard the prevailing law and procedure without impunity.

110.  The orders of Defendant Rosenbloom have egregiously violated Plaintiff and SONDRA SHORTER's federal and state constitutional rights to due process, equal protection of the law, liberty, and privacy.   As a direct and proximate result of the actions of Defendants, Plaintiff and her mother, SONDRA SHORTER, have been injured in their business and property.

**California Court of Appeals – Predicate Act – Perjury and Obstruction of Justice**

111.   On February 6, 2024, Plaintiff attempted to file a writ of mandate in the Second District of the California Court of Appeals.  The filing was rejected by the clerks four times for falsely stated technical reasons.  The final rejection was because Plaintiff has been labeled a "vexatious litigant" who must obtain permission before "initiating new litigation" in any California Court.  On February 6, 2024, Presiding Justice Elwood Lui denied Plaintiff's request to file new litigation in the form of her petition for writ of mandate.  Justice Lui falsely stated in his order: "Petitioner fails to show the new litigation has merit and it appears the new litigation is submitted for purposes of delay."  The constitutional errors, bias, prejudice, and abuse of authority committed by Defendant Rosenbloom in the conservatorship matter involving SONDRA SHORTER are glaring and profound.  Errors related to jurisdiction, mandated statutory prerequisites errors, and confinement orders in excess of the jurisdiction of a probate judge are irrefutably meritorious on their face and deserving of review to preserve Plaintiff and her mother's rights of due process, equal protection, liberty, and privacy.  The February 6, 2024, Order by Justice Lui was not the first order from him wrongfully denying Plaintiff access to California Courts (September 9, 2019, Case No. 691615) and ultimately "blackballing" her from justice irrespective of the merits of

her filings e.g. refusing Plaintiff review of the vexatious litigant order issued on June 19, 2018, by Judge Michelle Williams Court.  Anytime Plaintiff attempts any filing in the Second District of the California Court of Appeals she is denied under the false assertion her filing lacks merit.

112.   The actions of the California Court of Appeals amount to obstruction of justice, perjury, prejudice, and a denial of access to courts as prohibited by the RICO statutes.  In fact, the Superior Courts and the Court of Appeals utilize vexatious litigants orders politically and subjectively to wrongfully exclude persons from access to the courts with no regard for the merit of any matter presented.  Defendant STATE OF CALIFORNIA, and its California Court of Appeals had a statutory duty to intercede and act with its supervisory mandamus powers to stop Defendant Rosenbloom's egregious, unconstitutional rulings that are harmful to Plaintiff and her mother.  As a direct and proximate result, Plaintiff and her mother SONDRA SHORTER have been and continue to be injured in their business and property.

**Judge Michelle Williams Court – Predicate Act – Perjury and Obstruction of Justice**

113.   Code of Civil Procedure §391(b) defines a vexatious litigant as follows: (b) "Vexatious litigant" means a person who does any of the following:

COMPLAINT FOR DAMAGES AND EMERGENCY INJUNCTIVE RELIEF - 57

(1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing.

(2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.

(3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.

(4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence.

(5) After being restrained pursuant to a restraining order issued after a hearing pursuant to Chapter 1 (commencing with Section 6300) of Part 4 of Division 10 of the Family Code, and while the restraining order is still in place, they commenced,

prosecuted, or maintained one or more litigations against a person protected by the restraining order in this or any other court or jurisdiction that are determined to be meritless and caused the person protected by the order to be harassed or intimidated.

114. On August 29, 2018, Plaintiff was falsely declared a vexatious litigant by Judge Michelle Williams-Court in Case No. BC691615. Judge Williams-Court made no findings of fact to support her determination that Plaintiff was a "vexatious litigant" as that term is defined by Code of Civil Procedure §391(b). The order was requested by Buick GMC and was issued politically, capriciously, discriminatorily, erroneously, and not according to law as Plaintiff did not meet any of the statutory requirements of a vexatious litigant. Thereafter, Plaintiff was summarily denied an appeal of the vexatious litigant order by the California Court of Appeals and the California Supreme Court. Since 2018, California Courts have used the vexatious litigant order issued by Judge Williams-Court to wrongfully and summarily deny Plaintiff, and others similarly situated, access to justice irrespective of the meritorious nature of their claims, leaving Plaintiff and others without an avenue of review, which is an obstruction of justice. This is in addition to already being "blackballed" and denied justice anytime Plaintiff appears in a court of law within the State of California.

115. Judge Michelle Williams-Court currently presides in Department 1 of the Los Angeles Superior Court. On August 8, 2023, Petitioner Daniel Stewart filed

a Notice of Related Cases in L.A.S.C. Case No. 22STPB12451. Local Rule 3.300(f) of the Los Angeles Superior Court provides that "[w]here the cases listed in a Notice of Related Cases contains a probate or family law case, Department 1 shall determine whether the cases shall be ordered related and, if so, to which department they shall be assigned if the cases are all pending in the Central District or pending in two different districts. . . In addition to filing the Notice of Related Cases in the departments of all pending cases, a copy of the Notice of Related Cases must be filed in Department 1 for matters to be determined in Department 1, and in the courtroom of the Supervising Judge of a district if the matter is to be determined by the Supervising Judge of that district." Defendant DANIEL STEWART did not file the Notice of Related Cases in Department One per the local rules of the California Courts. Plaintiff attempted to file in Department 1 and the court clerk refused the filing and falsely asserted that L.A.S.C. Case No. 22STPB12451 did not exist in the court records.

116. On November 20, 2023, Defendant JONATHAN ROSENBLOOM heard Plaintiff's Motion to Relate Case Nos. 22STPB12451 and 23IWRO00747 (restraining order). Defendant ROSENBLOOM denied Plaintiff's motion to relate the cases and refused to refer the motion to Judge Michelle Williams-Court in Department 1. This predicate act was an obstruction of justice and denial of due process and equal protection of the law.

COMPLAINT FOR DAMAGES AND EMERGENCY INJUNCTIVE RELIEF - 60

**State Bar of California – Predicate Acts – Perjury and Obstruction of Justice**

117.   Plaintiff has filed complaints with the State Bar of California against the following attorneys with substantial evidence of misconduct and violations of the California Rules of Professional Conduct:  Dylan Ruga, Robyn Crowther, Michael Baratz, Sheryl Hayashida, Rina Mathevosian, Sophia Preston, Taylor Preston, Margaret Reyes, Fred Messerer, and Lindsay Battles.  Unlike the aggressive disciplinary posture taken toward Black American attorneys, Defendant STATE BAR OF CALIFORNIA refuses to discipline said attorneys notwithstanding their intentional, egregious violations of the State Bar Rules of Professional Conduct and the California Business and Professions Code.  Dylan Ruga committed numerous acts of misconduct against Plaintiff including but not limited to allowing Plaintiff's individual County defendants to be dismissed in her federal civil rights action without her knowledge or consent, failing to protect Plaintiff's appellate rights by making a Rule 50 motion for judgment as a matter of law, intentionally not submitting evidence to the jury during deliberations.  Robyn Crowther and Michael Baratz also did not submit evidence to the jury during deliberations.  Lindsay Battles was a class action attorney who never informed Plaintiff that she was a member of the plaintiff class and acted against Plaintiff's interests in the *Amador v. Baca* federal class action.  Sophia and Preston Taylor prepared estate documents for Plaintiff's mother, SONDRA SHORTER, without allowing her an opportunity to obtain

independent counsel so she could understand the legal impact of the documents and they refused to revoke the documents upon request by Plaintiff and her mother, SONDRA SHORTER. Sheryl Hayashida failed to provide zealous advocacy according to the wishes of SONDRA SHORTER and intentionally pursued her financial interests thereby failing to protect the interests of her client. Margaret Reyes committed perjury by causing proofs of service to be filed falsely representing that Plaintiff had been served documents related to conservatorship proceedings. Margaret Reyes also filed a proof of service stating that SONDRA SHORTER had been served the petition, citation, and notice of citation hearing in the conservatorship proceedings involving SONDRA SHORTER with full knowledge that lawful service had not occurred. Margaret Reyes also filed a declaration from Daniel Stewart falsely asserting that SONDRA SHORTER had a neurocognitive disorder that requires she be placed in a secured perimeter facility for the elderly and forced to take medication. Defendant STATE BAR OF CALIFORNIA falsely represented that the aforementioned California attorneys did not engage in misconduct or violations of their professional and ethical obligations that they could prosecute.

118. On January 5, 2023, Plaintiff sent a public records request to the State Bar of California requesting records that confirm the evaluation of Judge Jonathan Rosenbloom by the Judicial Nomination Evaluation Committee. On January 5, 2023,

the State Bar responded and said to the extent the records exist, they are confidential. On February 21, 2024, Plaintiff requested records that confirm the occurrence of evaluations of Judges Jonathan Rosenbloom, Michelle Williams-Court, and Douglas S. Stern. On March 5, 2024, the State Bar responded and said to the extent such records exist they are confidential and will not be produced.

119. Government Code Section 12011.5 provides that before appointing or nominating an individual to fill a judicial vacancy, the governor must first submit the names of the potential appointees and nominees to a designated agency of the State Bar for evaluation of their judicial qualifications. Section 12011.5 further provides that the evaluation shall be confidential and appropriate procedures used. Section 12011.5 also provides that "a candidate for judicial office shall not be appointed until the State Bar has reported to the Governor pursuant to this section, or until 90 days have elapsed after submission of the candidate's name to the State Bar, whichever occurs earlier." The latter alternative provides a loophole for candidates for judicial office to not be evaluated for judicial qualification.

120. On February 16, 2024, Los Angeles County District Attorney George Gascon wrote Plaintiff and said "[u]under California law, the governor is authorized to fill vacancies on the Superior Court. Approval by the State Bar and Supreme Court is not required." Nevertheless, the public has a right to know whether Superior Court judges sit constitutionally as well as whether their background and

qualifications have been evaluated according to law.  The request was not for the results of the evaluation but whether an evaluation occurred according to Article 6, Section 16 of the California Constitution and Government Code Section 12011.5. The denials of information regarding judicial evaluations constitute obstruction of justice and disregard for the public's right to information about California judges and their qualifications.

121.  As a direct and proximate result of the predicate acts of Defendants and each of them, Plaintiff and her mother Sondra Shorter have been injured in their person and property in amounts that are presently undetermined but once determined, they each seek treble damages.

**SECOND COUNT FOR**
**DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF AGAINST**
**LOS ANGELES SUPERIOR COURT AND ITS JUDICIAL OFFICERS**
**18 U.S.C. §1964**
**(Defendants State of California, California Courts, State Bar of California,**
**Jonathan Rosenbloom, Sheryl Hayashida, and Patricia Titus)**

122.  Plaintiff incorporates herein paragraphs 1 through 113 as though fully set forth below.

123.  18 U.S.C. §1964(a) provides that the district courts of the United States shall have jurisdiction to prevent and restrain violations of section 1962 of this chapter by issuing appropriate orders, including, but not limited to: ordering any

person to divest himself of any interest, direct or indirect, in any enterprise; imposing reasonable restrictions on the future activities or investments of any person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate or foreign commerce; or ordering dissolution or reorganization of any enterprise, making due provision for the rights of innocent persons.

124.   The primary purpose and effect of the RICO statutes is to prohibit and enjoin conduct injurious to the general public. Plaintiff seeks to enjoin Defendants from allowing unconstitutional judicial officers to preside as Superior Court judges via gubernatorial appointments and then secret elections without their qualifications being vetted by the Judicial Council or the State Bar Committee on Judicial Nominations per the California Constitution and the Government Code.

125.   Plaintiff is informed and believes that State Bar hearing judges preside over State Bar disciplinary hearings without being vetted through the statutory processes or trained e.g. David S. Wesley.  This racketeering pattern and practice harm the public at large and has harmed Plaintiff individually, other attorney members of the State Bar.

126.   Plaintiff also seeks to enjoin Defendants State of California and Jonathan Rosenbloom from administering and maintaining unconstitutional proceedings in Los Angeles Superior Court Case No. 22STPB12451.   Plaintiff seeks to stay

proceedings in Los Angeles Superior Court Case No. 22STPB12451 because Defendant Jonathan Rosenbloom has exhibited a pattern of refusing to adhere to prevailing law and procedure in his rulings and administration over the conservatorship proceedings involving SONDRA SHORTER and thus, Plaintiff. Neither Plaintiff nor SONDRA SHORTER were served the petition, citation, or notice of hearing.  Thus, the Superior Court has never acquired jurisdiction over the person or estate of SONDRA SHORTER, yet Defendant Jonathan Rosenbloom has issued a numerous orders that violate the due process, liberty, and privacy rights of Plaintiff and her mother, SONDRA SHORTER.  On December 29, 2023, Defendant JONATHAN ROSENBLOOM issued an order appointing Defendant DANIEL STEWART temporary conservator of the estate of SONDRA SHORTER without complying without a declaration of incapacity be a medical doctor and without following any statutory guidelines intended to protect her due process rights.

127.  Plaintiff also seeks to enjoin and stay proceedings in Los Angeles Superior Court Case No. 23IWRO00747 wherein Defendant Patricia Titus erroneously issued a domestic violence restraining order against Plaintiff without any evidence to substantiate the order.  Thereafter, Defendant State of California refused Plaintiff statutory post-order remedies e.g. a request to terminate the restraining order and an Order to Show Cause Re Jovita Silvera should not be held in contempt of court.

COMPLAINT FOR DAMAGES AND EMERGENCY INJUNCTIVE RELIEF - 66

128.  Plaintiff seeks private injunctive relief for the individual wrongs done to her and her mother as well as public injunctive relief for the wrongs that are being done to the public at large, particularly as to the existence of unconstitutional judges, professional conservatorships, and the scheme in Superior Courts to transfer wealth from the Black community to preclude inheritance via professional conservatorships. Indeed, Superior Court judges auction properties (of BLACK AMERICANS) inside of probate and conservatorship courtrooms to unknown individuals for any price over the appraised value presented to the courts.  There are no checks and balances in place to determine whether the purchasers are connected to the sitting judge overseeing the auction.  If Defendants are not forced to cease their racketeering activities inside of the California Courts, these practices will continue to harm the public and deprive citizens of their assets, their liberty, and privacy without due process of law.

**THIRD COUNT FOR
CIVIL RICO CONSPIRACY
18 U.S.C. §1962 ET SEQ.
AGAINST
(DEFENDANTS STATE OF CALIFORNIA, STATE BAR OF
CALIFORNIA, JONATHAN ROSENBLOOM, PATRICIA TITUS, SHERLY
HAYASHIDA, NICHOLAS THALER, CALIFORNIA CREDIT UNION,
CalSTRS, FIDELITY INVESTMENTS, MANUFACTURERS BANK, FRED
MESSERER, DANIEL STEWART, MONIQUE SHERRI ALLEN, JOVITA
SILVERA AND DOES 1 THRU 10))**

129.  Plaintiff incorporates herein by reference paragraphs 1 through 118 as though fully set forth below.

130.   Each defendant named above acted as an agent or co-conspirator of the other defendants and conspired with one another to obstruct justice with the goal of depriving SONDRA SHORTER of her assets and civil liberties without due process.  Defendants also conspired to obstruct justice and deprive Plaintiff LECIA SHORTER of her civil liberties by obstructing justice and depriving her of her rights as an heir and beneficiary of SONDRA SHORTER'S estate.

131.  Defendants named above are all Civil RICO Conspirators and have participated in and have been instrumental in the fraudulent scheme to avert the due process safeguards of the California Constitution and the Probate Code by abusing the processes of the Superior Court by maintaining the conservatorship proceeding in Superior Court Case No. 22STPB12451 . . . for an improper collateral purpose of transferring the wealth of an elderly Black American woman who owns two unencumbered parcels of real estate in highly gentrified areas of Los Angeles County and has over a half-million dollars in financial resources.  If the wealth is ultimately transferred to professional conservators, there will be nothing for the heirs of Sondra Shorter to inherit.

132.  Defendant State of California allows Jonathan Rosenbloom, a judge with a questionable appointment and no history of being evaluated by the State

Bar, to preside over conservatorship and probate proceedings unsupervised and without accountability.  Jonathan Rosenbloom has allowed the conservatorship proceedings in Case No. 22STPB12451 to continue without ever acquiring jurisdiction over the person or estate of Sondra Shorter.  He has also deprived Sondra Shorter of her liberty by issuing an order that she cannot leave Los Angeles County.  He also issued an order granting Daniel Stewart a temporary conservatorship over the estate of Sondra Shorter without making a finding that she is unable to manage her affairs or make her own informed decisions, albeit supported by those she chooses which is the legislative intent underlying AB 1663. The orders have also been issued without a declaration by a medical professional that Sondra Shorter is incapacitated or gravely disabled.  Plaintiff has submitted numerous complaints to the California Commission on Judicial Performance, the California Senate Judiciary Committee, and the Presiding Judge of the Los Angeles Superior regarding Defendant ROSENBLOOM'S unconstitutional rulings and persistent and glaring disregard of the law in violation of the Canon of Judicial Ethics and they have all been ignored.

133.  As a co-conspirator, Defendant DANIEL STEWART submitted a proof of service falsely stating that SONDRA SHORTER was served the Petition, Citation, and Notice of Citation Hearing.  Defendant STEWART also falsely stated with a Proof of Service signed by Defendant MONIQUE SHERRI ALLEN that

COMPLAINT FOR DAMAGES AND EMERGENCY INJUNCTIVE RELIEF - 69

Plaintiff was served the Petition, Citation, and Notice of Citation Hearing in Prosper, Texas the home of Defendant ALLEN.  Defendant STEWART further falsely stated that SONDRA SHORTER has a major neurocognitive disorder that requires medication and placement in a secured perimeter facility for the elderly.

134.  On July 3, 2023, Defendants STEWART and SILVERA lured SONDRA SHORTER to the offices of psychologist NICHOLAS THALER for the sole purpose of having her evaluated for a capacity declaration.  Neither STEWART, SILVERA, nor THALER explained that she was being evaluated for purposes of a capacity declaration to be used in the conservatorship proceedings. Defendants STEWART and SILVERA were fully aware that all of SONDRA SHORTER'S treating physicians refused to execute a declaration stating that she lacked capacity to make her own informed decisions or that she has a major neurocognitive disorder.

135. As a co-conspirator, on July 3, 2023, Defendant NICHOLAS THALER, a licensed psychologist with no familiarity with SONDRA SHORTER'S medical history, executed a capacity declaration wherein he represented 1)  she was not under his continuing care and treatment; 2)  is alert and oriented; 3) is aware of the conservatorship proceeding; 4) is able to attend court hearings; 5) no impairment with her long term memory; 5) she has moderate impairment with her short term memory; 6) no impairment with person, place and

COMPLAINT FOR DAMAGES AND EMERGENCY INJUNCTIVE RELIEF - 70

time; 7) moderate impairment with situations; 8) **has the capacity to consent to any form of medical treatment**; 9) has a major neurocognitive disorder (dementia); 9) has the capacity to give informed consent to the administration of medications appropriate to the care and treatment of major neurocognitive disorders.  Defendant NICHOLAS THALER attests that SONDRA SHORTER has a major neurocognitive disorder without consultation with her treating physicians or reviewing her medical history.  Indeed, individuals with major neurocognitive disorders lack the capacity to make medical decisions or any other type of decisions.  The representation was made for the improper purpose of providing a basis for the Superior Court to either grant Defendant DANIEL STEWART's Petition for Conservatorship or allow the court to appoint a professional conservator to marshal the assets of SONDRA SHORTER and transfer her wealth away from her heirs and beneficiaries.

136.  Defendant State of California allows Jonathan Rosenbloom to oversee auctions inside his courtroom on properties that have been wrongfully the subject of professional conservatorships.  There are no checks and balances on the persons to whom those properties are sold.  Plaintiff is informed and believes and thereon alleges that Defendant Rosenbloom intends to auction properties owned by SONDRA SHORTER and thereby deprive her of her transferring her wealth to her intended heirs.

137.   Defendant PATRICIA TITUS issued the August 1, 2023, domestic violence restraining order at the request of Defendant JOVITA SILVERA. JOVITA SILVERA abused the process of the court by seeking the restraining order against Plaintiff for the improper purpose of isolating SONDRA SHORTER and preventing Plaintiff from assisting her mother in the conservatorship matter while she abused her mother physically, psychologically, emotionally, and financially.   JOVITA SILVERA had no evidence to substantiate the issuance of a 5-year domestic violence restraining order other than her illogical, irrational, false rants that Plaintiff was interfering with her ability to be a caregiver.   Defendant PATRICIA TITUS also abused the process of the court by issuing the 5-year restraining order without legal justification and for the improper purpose of alienating Plaintiff from her mother so DEFENDANT STATE OF CALIFORNIA could confiscate her assets without Plaintiff's interference.   Defendant State of California and its Superior Court then obstructed justice by refusing to allow Plaintiff to seek post-order remedies or have an Order to Show Cause hearing why JOVITA SILVERA should not be held in contempt for her false representations. The ultimate goal of the restraining order was to prevent Plaintiff from assisting her mother in the unconstitutional conservatorship matter and then ultimately leave her in a vulnerable position so that her mental state would decline allowing the argument that a conservatorship of the person is necessary.   As a result of the

erroneous restraining order, SONDRA SHORTER, has been without the support of Plaintiff while Defendants, and each of them, left her alone and vulnerable.

138.  From November 2023 to the present, SONDRA SHORTER, has lived alone with no assistance from her children other than Plaintiff.  The actions of Defendants, including but not limited to the STATE OF CALIFORNIA and THE SUPERIOR COURT, is elder abuse as that term is defined by California law.

139.  The November 20, 2023, orders denying motions to quash subpoenas for financial records were an erroneous invasion of SONDRA SHORTER'S financial privacy.  Defendants also invaded her medical privacy searching for a reason to deem her medically incompetent but found none.

140.  After becoming aware of SONDRA SHORTER'S finances, Defendant JONATHAN ROSENBLOOM, with the assistance of Defendant DANIEL STEWART, pursued an unlawful course intended to confiscate the financial resources of DANIEL STEWART.  DANIEL STEWART believed he would be in control of his mother's assets but he is merely a pawn for the STATE OF CALIFORNIA's ultimate goal which is to prevent the transference of a Black woman's wealth to her children.  Plaintiff is informed and believes and thereon alleges that DANIEL STEWART has opened a conservatorship bank account with Defendant MANUFACTURERS BANK.  Once SONDRA SHORTER'S finances are confiscated, Defendant STATE OF CALIFORNIA intends to allow Defendant

STEWART'S attorneys and the court-appointed attorneys to receive payment of their legal fees.  The remainder will likely go to a professional conservator. Defendant STATE OF CALIFORNIA is aware that DANIEL STEWART is unfit to serve as a conservator.  Defendants, and each of them, are also aware that SONDRA SHORTER adamantly opposes the conservatorship in general and DANIEL STEWART in particular.

141.  The conservatorship estate of SONDRA SHORTER has never been defined.  Notwithstanding, Defendant JONATHAN ROSENBLOOM, on December 29, 2023, issued an order appointing DANIEL STEWART as temporary conservator of the estate of SONDRA SHORTER.  The Letters were issued on January 10, 2024.  Defendant JONATHAN ROSENBLOOM did not require Defendant DANIEL STEWART to take an oath to perform the duties of the office according to California law which then obligates him to comply with the law of the State of California.  The order was also issued without compliance with the due process statutory safeguards that are intended to prevent abuses in conservatorship proceedings.  There was no finding of incapacity or a grave illness.  There was no finding that SONDRA SHORTER estate plan is insufficient and the least restrictive alternative.  There was no finding that the temporary conservatorship is the least restrictive alternative.  SONDRA SHORTER did not receive prior notice of the Order to Show Cause Re Appointment of Temporary Conservator.  Neither

was she present during the hearing as Defendant SHERYL HAYASHIDA waived her appearance with full knowledge that she opposed the conservatorship and the appointment of Defendant DANIEL STEWART. In fact, Defendant SHERYL HAYASHIDA has represented that she serves at the pleasure of the court and that her service to the court takes precedent over her statutory duty to zealously represent the wishes of her client.  It is Defendant SHERYL HAYASHIDA who requested an evidentiary hearing on whether SONDRA SHORTER has a major neurocognitive disorder because of the misrepresentation of Defendant NICHOLAS THALER.

142.  In January of 2024, Defendant Daniel Stewart began a course of confiscating the bank accounts of SONDRA SHORTER pursuant to the unconstitutional order of temporary conservatorship and Letters issued by Defendant Jonathan Rosenbloom.  He confiscated funds belonging to SONDRA SHORTER at Defendant BANK OF AMERICA in an undisclosed amount then simultaneously closed the account. Defendant Bank of America did not file form GC-051 before allowing Defendant STEWART to close the account as required by Probate Code Sections 2890-2893.

143.  Plaintiff is informed and believes and thereon alleges that on or about January 25, 2024, Defendant DANIEL STEWART opened a bank account with Defendant MANUFACTURERS BANK with funds belonging to SONDRA

SHORTER.  Defendant MANUFACTURERS BANK opened the account without filing form GC-051 as required by Probate Code Sections 2890-2893.

144.  On December 11, 2023, Defendant ROSENBLOOM held an Order to Show Cause Hearing wherein he appointed Defendant STEWART as temporary conservator of SONDRA SHORTER.  Plaintiff appeared remotely via CourtConnect and her audio was blocked to prevent her from hearing the powers being granted to STEWART.  Defendant ROSENBLOOM instructed Defendant STEWART to marshal the financial assets of SONDRA SHORTER without complying with the due process requirements of Probate Code Sections 1800.3(b), 1800.3(c), 1801(a), 1801(e), 1825, and 1826.  No orders were made regarding the provision and maintenance of SONDRA SHORTER, only instructions to marshal her finances leaving her unable to care for herself independently as she'd been doing albeit with support.

145.  Additional orders were erroneously issued on December 11, 2023, e.g. revocation of all powers of attorney, continued representation and billing by both the guardian ad litem and court-appointed counsel, appointment of a probate referee, request for an appraisal of real estate owned by SONDRA SHORTER (presumably for a future court auction).  There are no checks and balances on who purchases property in court auctions and whether those individuals have any connection or association with the auctioning judicial officer which is the ultimate

predicate act in the RICO pattern to transfer the wealth of Black Americans to non-Black citizens.

146.   On January 29, 2024, Plaintiff appealed the December 29, 2023, written orders of Defendant ROSENBLOOM which automatically stayed the orders of November 20, 2023, and December 29, 2023.

147.   On February 22, 2024, Defendant FRED MESSERER, assistant general counsel for Defendant CalSTRS wrote Plaintiff and made threats to Plaintiff and SONDRA SHORTER suggesting a criminal investigation by the California Highway Patrol because SONDRA SHORTER called to inquire about whether CalSTRS received her correspondence informing them of the automatic stay.  The letter was written to Michelle Philo, Defendant SHERYL HAYASHIDA, Collete Davis and Plaintiff in direct violation of SONDRA SHORTER'S constitutional right of financial privacy and Defendant MESSERER's duty of loyalty to her as a member of CalSTRS.   Defendants CalSTRS and FRED MESSERER owe CalSTRS members a duty to act prudently and preserve their privacy which includes the duty to not act in a manner that is adverse to members or in a manner that could cause them financial harm. Notwithstanding their fiduciary duties, Defendants MESSERER and CalSTRS provided legal advice to the attorney for Defendant DANIEL STEWART and suggested that Defendant STEWART return to court and obtain a Probate Code

Section 1310(b) order to temporary conservator as if no appeal were pending and they would "happily comply with any order issued by the court pending appeal." Implied in this statement is that irrespective of the illegality or unconstitutional nature of the order or harm it would cause to SONDRA SHORTER or Plaintiff, Defendants MESSERER and CalSTRS will comply with the order thereby making them a co-conspirator in the plan and racketeering scheme to wrongfully transfer the wealth of Black Americans to non-Black citizens. Plaintiff is informed and believes that Defendant STATE OF CALIFORNIA is utilizing Defendant DANIEL STEWART as a pawn to confiscate the financial assets of SONDRA SHORTER, appoint a professional conservator, and then exhaust those assets to the detriment of Plaintiff as her designated heir and beneficiary.

148.   Sometime in the latter part of February of 2024, Defendant California Credit Union California Credit Union has placed a freeze on SONDRA SHORTER'S personal and business accounts based on Letters of Temporary Conservatorship issued to Defendant Daniel Stewart on or about January 10, 2024. The freeze was placed without providing SONDRA SHORTER prior notice or an opportunity to respond.  Thereafter, Defendant CALIFORNIA CREDIT UNION acknowledged the automatic stay, as well as SONDRA SHORTER'S newly formed living trust, and released the funds in her accounts.

149.   Sometime in early March of 2024, SONDRA SHORTER closed her business accounts and withdrew all funds from her shared savings account which receives her automatic deposits for her CalSTRS retirement benefits and her Social Security retirement benefits.  In violation of their duties of loyalty and confidentiality, Defendant CALIFORNIA CREDIT UNION disclosed SONDRA SHORTER'S private financial information to Defendant DANIEL STEWART informing STEWART that SONDRA SHORTER had more than one account which included business accounts.  After SONDRA SHORTER, withdrew the majority of her funds from Defendant CALIFORNIA CREDIT UNION, the credit union unilaterally contacted the attorney for Defendant DANIEL STEWART and informed her of the withdrawals as well as information pertaining to SONDRA SHORTER'S business accounts.  Defendant CALIFORNIA CREDIT UNION also contacted the bank where SONDRA SHORTER deposited the cashier's checks from the CREDIT UNION to inform them of the conservatorship proceeding and instructing to place a hold on all of SONDRA SHORTER'S funds.  This disclosure and instructions was made with full knowledge that the automatic stay was in effect thereby making STEWART's Letters of Temporary Conservator inoperable and ineffective.  Based on their misconduct, Defendant CALIFORNIA CREDIT UNION is a co-conspirator in the plan and racketeering scheme to transfer the

wealth of Black Americans to non-Black citizens via unconstitutional conservatorship proceedings.

150. On March 28, 2024, an ex parte hearing was held on Defendant DANIEL STEWART'S application for a Probate Code Section 1310(b) appointment of temporary conservator as though no appeal is pending as well as orders that Chase Bank and California Credit Union turn over all information pertaining to the accounts of SONDRA SHORTER and turn over those accounts to DANIEL STEWART irrespective of the capacity in which those accounts are held. This order was made without a factual finding that SONDRA SHORTER is insane, gravely disabled, incapacitated, or that the additional accounts are part of the conservatorship estate of SONDRA SHORTER.

151. Defendant SHERYL HAYASHIDA misrepresented to the trial court that no appeal was pending and the court would be well within its authority to issue a Section 1310(b) order even though she conceded that SONDRA SHORTER opposes the temporary conservatorship, the conservatorship, and the appointment of Defendant DANIEL STEWART.  At no time did Defendant HAYASHIDA object to 1) the court's lack of jurisdiction over the person and estate of SONDRA SHORTER, 2) the appointment of temporary conservator is not the least restrictive alternative; 3) service of the Order to Show Cause Hearing, the Order of Appointment of Temporary Conservator or the Letters; 4) Defendant DANIEL

STEWART'S fitness to serve as conservator; 5) whether the assets STEWART sought to confiscate where part of the conservatorship estate; 6) whether the court has authority to order financial institutions to disclosure private financial information while a stay is pending; 7) whether the court's order violates SONDRA SHORTER'S constitutional right to financial privacy as guaranteed by the U.S. and California Constitution.  Defendant SHERYL HAYASHID did not and has not zealously advocated the interests of SONDRA SHORTER because she is a critical participant in the enterprise's plan and scheme to transfer the wealth of Black Americans to non-Black citizens via unconstitutional conservatorship proceedings.

152.  Plaintiff is informed and believes and thereon alleges that once all funds owned by SONDRA SHORTER have been confiscated from her financial institutions, Defendant ROSENBLOOM will then appoint a conservator over the persona and estate of SONDRA SHORTER and allow her funds to be drained with bills by attorneys, the probate referee, appraisals, investigators, etc., leaving nothing for the designated heirs and beneficiaries.

153.  The conduct referenced here is such that by its nature projects into the future with the threat of repetition to other elderly Black citizens of the State of California who own real property in highly gentrified communities. This is the RICO enterprise conducted by the State of California, its various branches of

government e.g. the Commission on Judicial Performance, the State Bar of California, the Judicial Council, the Senate Committee on the Judiciary, and its judicial officers.

154. Based on the allegations set forth herein, Defendants and each of them are all part of "racketeering enterprises" formed to 1) wrongfully transfer assets of Black Americans to non-Black entities and individuals; 2) wrongfully exclude Black Americans from the practice of law; 3) wrongfully exclude California citizens from access to courts to air their grievances; and, 4) allow unconstitutional judges to preside in Superior Courts without ever being vetted for qualifications pursuant to California law and the California Constitution.  Therefore, Plaintiff alleges that the violations of the RICO statutes by Defendants, and each of them, are the proximate cause of Plaintiff's injuries and the injuries of her mother, SONDRA SHORTER, and are subject to civil penalties of compensatory and punitive damages along with treble damages in the amount of approximately 1.6 million dollars plus attorneys' fees.

\\\

\\\

\\\

\\\

**FOURTH COUNT**
**FOR VIOLATION OF**
**AMERICANS WITH DISABILITIES ACT VIOLATIONS**
**AGAINST DEFENDANTS JONATHAN ROSENBLOOM AND STATE OF**
**CALIFORNIA**
**(42 U.S.C.§12101 ET SEQ)**

155.  Plaintiff incorporates herein by reference paragraphs 1 through 93 as though fully set forth below.

156.  Plaintiff sues Defendant Jonathan Rosenbloom in his personal capacity because his actions far exceed the scope of his authority and in his official capacity as a judicial officer of the Superior Court of California because his conduct has been discriminatory and non-accommodating to SONDRA SHORTER as an elderly woman who has been diagnosed with a mild cognitive impairment of short-term memory loss from an unknown source.

157.  AB1663 created California Probate Code Section 1836 which Section 1836 is provides that: "Upon appropriation by the Legislature, the Judicial Council shall establish a conservatorship alternatives program within each self-help center in every state Superior Court. The purposes of the conservatorship alternatives program are: (1) To provide information relating to less restrictive alternatives to conservatorship, including, but not limited to, supported decision making agreements, as defined in Section 21001 of the Welfare and Institutions Code, to interested individuals.  (2) To educate interested individuals on less restrictive

alternatives to conservatorship that may be appropriate, and to provide assistance in considering and implementing those alternatives.  (c) Each court's conservatorship alternatives program shall include staff who provide information and resources to interested individuals about less restrictive alternatives to conservatorship."

158.  The California Legislature has not appropriated funding for the conservatorship alternatives program inside of the Los Angeles Superior Court, which is the largest court system in the state which is an accommodation to benefit the public as a result of the enactment of AB 1663.  As a result, the elderly e.g. SONDRA SHORTER and the disabled of the State of California are forced to endure abuses in conservatorship proceedings because they are deprived of a conservatorship alternatives program in the Superior Courts of California which would require proposed conservators to deflect people with disabilities from unnecessary conservatorships by recognizing alternatives, like supported decision-making (SDM), and creates a SDM Technical Assistance Project to provide outreach and training.

159.  Defendant Jonathan Rosenbloom also failed and refused to accommodate SONDRA SHORTER in his failure to consider the least restrictive alternatives e.g. the estate plan of SONDRA SHORTER and her choice of an agent via a power of

attorney, as opposed to an unnecessary conservatorship proceeding as required by AB 1663.

160.  As a direct failure of Defendant State of California's failure to implement a conservatorship alternative program as an accommodation for an unnecessary conservatorship proceeding, Plaintiff and her mother have been injured in their person and property, thereby entitling them to compensative and punitive damages.

## FIFTH COUNT
## FOR
## FOURTEENTH AMENDMENT DUE PROCESS VIOLATION (CONFINEMENT)
## (AGAINST DEFENDANT JONATHAN ROSENBLOOM AND THE STATE OF CALIFORNIA AND DOES 1 THRU 10)

161.  Plaintiff incorporates herein by reference paragraphs 1 through 93 as though fully set forth below.

162.  On July 10, 2023, Defendant JONATHAN ROSENBLOOM violated SONDRA SHORTER'S constitutional rights of freedom of association and her liberty interests as guaranteed by the First and Fourteenth Amendments of the U.S. Constitution by issuing an order that she is not to leave L.A. County.  The order is cruel and punitive in nature, thereby constituting an order of confinement without procedural due process.  By issuing said order, Defendant JONATHAN ROSENBLOOM exceeded his the scope of his authority as a judicial officer assigned to hear and decide probate and conservatorship matters does not have jurisdiction to issue confinement orders that are criminal in nature.

163.   SONDRA SHORTER and Plaintiff have liberty interests that include freedom of association that are protected by the U.S. and California Constitutions.  Defendants STATE OF CALIFORNIA and JONATHAN ROSENBLOOM denied Plaintiff and SONDRA SHORTER their liberty rights including freedom of association without procedures required by the U.S. and California Constitutions.  Defendants STATE OF CALIFORNIA and JONATHAN ROSENBLOOM deliberately abused their power without any reasonable or legal justification in aid of any government interest or objective and only to oppress in a way that shocks the conscience.

164.   Overall, Defendant STATE OF CALIFORNIA's failure to have adequate supported decision-making programs inside of the Superior Courts of California violates California citizens right to be free from unnecessary and abusive conservatorship proceedings which also violates their 14th Amendment right to substantive and procedural due process.

165.   Plaintiff and SONDRA SHORTER were injured in their persons and property as a direct result of the 14th Amendment violations of the STATE OF CALIFORNIA and JONATHAN ROSENBLOOM and their failure to have appropriate procedures and supervision over trial judges thereby entitling them to compensatory and punitive damages for their injuries.

**SIXTH COUNT**
**FOR**
**14TH AMENDMENT EQUAL PROTECTION VIOLATIONS**
**AGAINST**
**(DEFENDANTS STATE OF CALIFORNIA AND JONATHAN**
**ROSENBLOOM AND DOES 1 THRU 10)**

166.    Plaintiff incorporates herein by reference paragraphs 1 through 93 as though fully set forth below.

COMPLAINT FOR DAMAGES AND EMERGENCY INJUNCTIVE RELIEF - 86

167.  The Equal Protection Clause of the Fourteenth Amendment . . . is essentially a direction that all persons similarly situated should be treated alike. The Equal Protection Clause also forbids unequal enforcement of valid laws where such unequal enforcement is the product of improper motive such as the transference of the wealth of Black Americans to non-Black citizens of this country.  Defendants STATE OF CALIFORNIA (and its various branches of government) and JONATHAN ROSENBLOOM acted with an intent or purpose to discriminate against Plaintiff and SONDRA SHORTER based upon their protected classes as Black American women over 60 years of age by refusing to apply probate conservatorship law and procedure which would safeguard both Plaintiff's and SONDRA SHORTER's Constitutional right to due process of law.

168.  Defendant STATE OF CALIFORNIA AND THE LOS ANGELES SUPERIOR COURT violated Plaintiff's right to equal protection of the laws of the State by intentionally refusing to allow Plaintiff post-remedy measures after Defendant PATRICIA TITUS erroneously granted Defendant JOVITA SILVERA a 5-year domestic violence restraining order.  Specifically, Defendants refused to allow Plaintiff to file a request to terminate the restraining order or have an Order to Show Cause Re Contempt hearing against Defendant SILVERA with the improper purpose of obstructing justice.

169.  After Plaintiff filed an appeal, the domestic violence restraining order was automatically stay by operation of law.  Notwithstanding Plaintiff's numerous requests, Defendants refused to notify the California Department of Justice that the restraining order was inoperable and ineffective pending a determination on appeal so that it could be removed from the CLETS system.

170.  Plaintiff and SONDRA SHORTER were injured in their persons and property as a direct result of the 14th Amendment violations of the STATE OF CALIFORNIA and JONATHAN ROSENBLOOM and their failure to have appropriate procedures and supervision over trial judges thereby entitling them to compensatory and punitive damages for their injuries.

**SEVENTH COUNT
FOR
CIVIL RIGHTS VIOLATIONS, 42 U.S.C. §1983
(AGAINST DEFENDANT STATE BAR OF CALIFORNIA, DAVID S.
WESLEY AND JONATHAN ROSENBLOOM AND DOES 1 THRU 10)**

171.  Plaintiff incorporates herein by reference paragraphs 1 though 93 as though fully set forth below.

172.  Defendant STATE BAR OF CALIFORNIA is a public corporation and is therefore not entitled to Eleventh Amendment immunity.  Plaintiff sues Defendant STATE BAR OF CALIFORNIA for damages and injunctive relief for

its ongoing and continuous pattern of racially profiling Black attorneys for discipline to wrongfully exclude them from the practice of law while overlooking non-Black attorneys for major offenses upon the public.  Plaintiff also seeks to hold Defendant STATE BAR liable for its ongoing and continuous practice of refusing to discipline non-Black attorneys for professional misconduct committed against Black Americans.  Plaintiff further seeks to hold Defendant STATE BAR liable for its ongoing and continuous practice of allowing illegal and disqualified attorneys to preside over disciplinary proceedings and recommend disbarment of attorneys in general and Black attorneys in particular.  Plaintiff further seeks to hold Defendant STATE BAR liable for failing to evaluate for qualification attorneys who have been recommended by a sitting governor for appointment to a vacant judicial seat in Superior Courts.

173.  In doing the acts alleged herein, Defendant STATE BAR OF CALIFORNIA has violated Plaintiff's 14th Amendment Rights to Due Process and Equal Protection of the Laws as guaranteed by the California Constitution.

174.  Plaintiff sues Defendant Jonathan Rosenbloom in his individual capacity as a private citizen for damages and declaratory relief.  Defendant Rosenbloom is not entitled to absolute immunity as a judicial officer because there is no evidence that Defendant Rosenbloom was constitutionally appointed to the judicial seat he holds. Neither the California Judicial Council nor the State Bar of

California has produced records that confirm that former Governor Brown submitted Defendant Rosenbloom's name to the Judicial Nomination Evaluation Committee for evaluation of his judicial qualifications as required by Government Code Section 12011.5.

175.   According to Government Code Section 12011.5(c), upon receipt from the Governor of the names of candidates for judicial office and their completed personal data questionnaires, the State Bar shall use appropriate confidential procedures to evaluate and determine the qualifications of each candidate with regard to the candidate's ability to discharge the judicial duties of the office to which the appointment or nomination shall be made. Within 90 days of submission by the Governor of the name of a potential appointee for judicial office, the State Bar shall report, in confidence, to the Governor its recommendation whether the candidate is exceptionally well qualified, well qualified, qualified, or not qualified and the reasons therefor, and may report, in confidence, other information as the State Bar deems pertinent to the qualifications of the candidate.

176.   Government Code Section 12011.5(k) provides that no candidate for judicial office shall be appointed until the State Bar has reported to the Governor pursuant to Section 12011.5.  Plaintiff is informed and believes and thereon alleges that the State Bar did not use appropriate confidential procedures or any other procedures to evaluate and determine the qualifications of Defendant

ROSENBLOOM with regard to ROSENBLOOM'S ability to discharge the judicial duties of the office to which the appointment or nomination shall be made.  As such, Plaintiff is informed and believes and thereon alleges that Defendant ROSENBLOOM's judicial office is invalid.  He therefore has been acting as a judicial officer without official capacity and in the complete absence of jurisdiction thereby disqualifying him from Eleventh Amendment absolute immunity.

177.  David S. Wesley is sued in his individual capacity as a private citizen for acts committed while he was an administrative judge with the State Bar of California.  Plaintiff also sues on behalf of the citizens of the State of California for the fraud David S. Wesley committed as an illegal judicial officer of the Superior Court and as an illegal commissioner of the Superior Court.

178.  In committing the acts complained of herein as to the conservatorship proceedings L.A.S.C. Case No. 22STPB12451, Defendant ROSENBLOOM, acted under color of state law to deprive Plaintiff and her mother SONDRA SHORTER of certain constitutionally protected rights under the First and Fourteenth Amendments to the Constitution of the United States including, but not limited to:

a.      the right to life, liberty and the pursuit of happiness;

b.      the right to freedom of familial association between mother and daughter;

c.      the right to substantive and procedural due process before deprivations of liberty and property;

d.      the right to equal protection of the laws;

e.      the right of privacy in medical and financial affairs;

h.      the right of access to the courts to air grievances and complaints;

179.  David S. Wesley sat as an administrative judge for the State Bar of California from 1993 to 1995 while registered as an inactive attorney. According to the State Bar of California, no records or writings exist that justify the appointment of David Wesley as a hearing judge by either the California Supreme Court or the California Senate Committee on Rules. Neither are there any records that indicate he was evaluated according to law by the Applicant Evaluation Nomination Committee for the office of State Bar hearing judge. David Wesley oversaw and issued decisions concerning the discipline and disbarment of Plaintiff at taxpayer expense without legal qualification and in the complete absence of authority and jurisdiction.

180.  The candidacy requirements for Superior Court Commissioners include the submission of a copy of your California State Bar card showing active status. Each candidate is to be evaluated by the Court Commissioner Selection Committee. The State Bar records list Defendant Wesley as inactive from 1995 to 1997. The State of California and the County of Los Angeles have admitted that

there are no records that Defendant DAVID WESLEY was evaluated by the Court Commissioner Selection Committee while an inactive attorney.  Plaintiff is informed and believes and thereon alleges that this is an ongoing and continuous practice with Defendant STATE BAR OF CALIFORNIA.

181.  In 1997, Defendant DAVID S. WESLEY assumed judicial office as a Los Angeles Superior Court judge.  No governmental entity has records of any appointment of David Wesley in 1997 or evaluation by the State Bar Judicial Nomination Evaluation Committee.  Defendant Wesley enjoyed a full and celebrated career as a Los Angeles Superior Court judge in both criminal and civil courts after illegally annihilating the professional lives of licensed attorneys while he was a State Bar hearing judge.  Defendant David Wesley was allowed to sit as a celebrated Los Angeles Superior Court judge (he even rose to become the presiding judge), issuing criminal sentencing orders, civil judgments, and other decisions which are invalid and should be vacated because he was never legally qualified to wear a black robe.

182.  On February 22, 2010, Defendant Wesley filed a signed candidate information form with the Los Angeles County Recorder in 2010.  He states that he was appointed to the bench in 1997.  He was not!  He states he was elected as a judge in 1998. He was not.  He states that he was elected in 2004.  He was but his name did not appear on the ballot because no one else ran for his judicial seat and

COMPLAINT FOR DAMAGES AND EMERGENCY INJUNCTIVE RELIEF - 93

he was elected by default.  Plaintiff is informed and believes that this a practice for

Superior Court judges to avoid the qualification and statutory election process.

Thereafter, Defendant Wesley was elected twice by default because he had no

challengers.  Still, the State Bar of California has no records that his background

and qualifications were investigated by the Commission on Judicial Nominees as

required by law.  Had Defendant WESLEY been appointed, his appointment would

have had to be approved by the State Bar Commission on Judicial Nominees.

They have no records.

183.   In violating Plaintiff's and SONDRA SHORTER'S rights as set forth

herein and other rights that will be proven a trial, Defendant JONATHAN

ROSENBLOOM wrongfully acted under color of state law as a judicial officer

while Plaintiff was an objector to unconstitutional conservatorship proceedings

involving her mother, SONDRA SHORTER.

184.   Defendant ROSENBLOOM did not and does not have authority to

preside as a judicial officer but nevertheless has wrongfully appointed Defendant

DANIEL STEWART as temporary conservator of the estate of SONDRA

SHORTER with powers to marshal her assets from financial institutions.

185.   As a direct and proximate result of the violation of Plaintiff's and

SONDRA SHORTER'S constitutional rights by the Defendant ROSENBLOOM,

Plaintiff AND SONDRA SHORTER have suffered general and special damages as

alleged in this Complaint and are entitled to damages and injunctive relief under 42 U.S.C §1983.

186.  The conduct of Defendant ROSENBLOOM has been willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be in an amount commensurate with the wrongful acts alleged herein.

187.  The misconduct of Defendants DAVID S. WESLEY and STATE BAR OF CALIFORNIA has been an ongoing and continuous practice of systemic exclusion of Black attorneys from the practice of law, and not ensuring State Bar hearing judges and superior court judges have been evaluated for qualification by the Judicial Nomination Evaluation Committee. Defendant DAVID S. WESLEY's employment as a State Bar hearing judge, Superior Court Commissioner and Superior Court judge was not according to law. His employment was fraudulent and deceitful to Plaintiff and the public at large.  Punitive damages are therefore appropriate.

188.  Plaintiff seeks declaratory relief that the order of Defendant DAVID S. WESLEY recommending her disbarment from the practice of law is void, thereby making the order of disbarment by the Supreme Court of California void because DAVID S. WESLEY had no legal authority to preside over State Bar disciplinary

proceedings. Plaintiff further seeks a declaration that the STATE BAR OF CALIFORNIA reinstate her to the practice of law.

189.  Plaintiff also seeks injunctive relief against Defendant STATE OF CALIFORNIA AND STATE BAR OF CALIFORNIA ordering that it cease and desist its practice of refusing to investigate and evaluate for qualification State Bar Hearing judges and Superior Court judges as this practice is harmful and endangers the lives, liberty, and property of the citizens of the State of California.

**EIGHTH COUNT**
**FOR VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C §1983**
**AGAINST DEFENDANT STATE OF CALIFORNIA**
**(Failure to Implement Appropriate Policies, Customs and Practices)**

190.  Plaintiff incorporates herein paragraphs 1 through 93 as though fully set forth below.

191.  At all times mentioned herein Defendant STATE OF CALIFORNIA was directly responsible for the oversight, management, and administration of policies of the California Courts, the selection and supervision of judicial officers, and the entire operations and responsibilities of the State Bar of California per governing regulatory law.   The California Constitution directs the Judicial Council to improve the administration of justice by surveying judicial business and recommending improvements.  The focus is on fair procedures and fair outcomes.

Although the Judicial Council states that public trust and confidence in the courts has drastically improved, that is not the perception or experience of Plaintiff, SONDRA SHORTER, or most Black Americans as justice looks vastly different for us compared to non-Black citizens.

192.  Defendant STATE OF CALIFORNIA has failed to implement appropriate policies, customs, and practices 1) in the evaluation for qualification and supervision of Superior Court judicial officers such that judicial officers of the Superior Courts are allowed to sit as judicial officers with an evaluation of their qualifications to do so per Government Code Section 12011.5; 2) in preemptory challenges to remove judicial officers for bias, prejudice, and disqualification. Judges should not be allowed to rule on their own disqualification; 3) implementing supported-decision making programs inside Superior Courts to eliminate unnecessary and abusive conservatorships; 4) supervise court administration and court clerks to ensure the courts are operated fairly and without subjective or racist practices designed to obstruct justice and access to courts e.g. refusing to file documents or delaying the filing of documents; 5) refuses to allow public access to records that confirm Superior Court judges have been evaluated for qualification before assuming a vacant judicial seat; and, 6) policies provide for meaningful review of orders determining individuals to be vexatious litigants to ensure they are not used as weapons to unfairly exclude access to courts and use

time as a measure to terminate the orders rather than the subjective, bias decisions of those who excluded individuals in the first instance.

192.   Defendant State of California and its Courts have implicitly or explicitly adopted, implemented, and allowed careless and reckless policies, customs, or practices, that included, among other things, unfairly denying access to courts, bias and discrimination by judicial officers without accountability, and allowing abusive and unnecessary conservatorship proceedings without supported decision-making programs required by AB 1663.

193.   The Supreme Court is responsible for the State Bar of California and the California Courts per the California Constitution.  Notwithstanding, both entities are allowed to operate without meaningful oversight, management, and administration particularly in regard to conservatorship proceedings, the unfair and racially motivated denial of access to courts, judicial appointment evaluation, judicial supervision, the practice of systemic exclusion of Black Americans from the practice of law.

194.   The failure of the Defendant STATE OF CALIFORNIA and its administrators, employees and officials to adequately evaluate, train and supervise judicial officers and its branches of government as indicated herein amounts to deliberate indifference to the right of Plaintiff and her mother SONDRA SHORTER to be free of racism, denial of equal protection of the laws, the right

procedural and substantive due process, free from denials of freedom of liberty and familial associations, the right to contract, the right be free from abusive conservatorship proceedings designed to illegally transfer wealth, the right to access California courts, by persons acting under the color of the law.

195.  The conduct of Defendant STATE OF CALIFORNIA, as alleged in this Complaint, subjected Plaintiff and SONDRA SHORTER to unnecessary financial expenses related to the cost of litigating an unnecessary conservatorship proceeding as well as wanton infliction of mental anguish, humiliation, discomfort, pain, and emotional distress. Defendants also subjected Plaintiff and her mother SONDRA SHORTER to emotional and financial elder abuse by failing to protect the person and estate of SONDRA SHORTER and granting an irresponsible individual, DANIEL STEWART, powers of a temporary conservator.

196.  In acting as is alleged in this Complaint, Defendant STATE OF CALIFORNIA and its agents, servants, employees, and officials, and each of them, acted knowingly, willfully, and maliciously, and with reckless and callous disregard for Plaintiff's federally protected rights such that Plaintiff is entitled to relief under 42 U.S.C. §1983.

197.  In committing the acts complained of herein, Defendant STATE OF CALIFORNIA and its agents, servants, employees, and officials acted under color

of state law to deprive Plaintiffs and SONDRA SHORTER of certain

constitutionally protected rights including, but not limited to:

a.      the right to be avoid unnecessary and abusive conservatorship proceedings;

b.      the right to freedom of association with family;

c.      the right to life, liberty and the pursuit of happiness;

d.      the right to be free from substantive and procedural due process violations

designed to deprive of property interest and rights as an heir and beneficiary by

judicial officers falsely contending they are acting under color of state law.

## NINTH COUNT
## FOR VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C §1983
## AGAINST DEFENDANT STATE OF CALIFORNIA
### (Negligent Hiring and Supervision)

198.    Plaintiff incorporates herein paragraphs 1 through 93 as though fully

set forth below.

199.    Defendant STATE OF CALIFORNIA is responsible for the California

Courts and the selection, evaluation, appointment, and confirmation of its judicial

officers as set forth in the California Constitution and Government Code Section

12011.5.  Notwithstanding, Defendant STATE OF CALIFORNIA, as a pattern and

practice, allows attorneys appointed by a sitting governor, to assume the

responsibilities of a Superior Court judge without an evaluation for qualification

from the State Bar judicial nomination evaluation committee.  Defendant STATE OF CALIFORNIA, as a pattern and practice, also allows attorneys to sit as State Bar hearing judges and Superior Court Commissioners without evaluation for qualification or confirmation per California law.  Defendants JONATHAN ROSENBLOOM and DAVIS S. WESLEY are examples of that pattern and practice.

200.  Additionally, Defendant STATE OF CALIFORNIA has not conducted supervision of judicial officers, confirmed qualification of judicial officers, or engaged in meaningful investigations of reports of misconduct, improper judicial assignments, and constitutional violations of litigants, particularly Black Americans.  Additionally, Defendant STATE OF CALIFORNIA has supervised conservatorship proceedings in Superior Courts by interceding where appropriate to prevent abuses, constitutional violations, and illegal transfers of Black wealth.

201.  As a direct and proximate result of the evident disqualification and unfitness of the judicial officers in California Courts as allowed by STATE OF CALIFORNIA employees, administrators, and officials negligence in the hiring, retaining, and failing to properly vet and supervise its judicial officers and Commissioners in Superior Courts and State Bar Courts in violation of 42 U.S.C. §198, Plaintiff and her mother SONDRA SHORTER have been generally and specially damaged in an amount to be established at trial.

**TENTH COUNT**
**FOR VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C §1983**
**AGAINST DEFENDANTS STATE OF CALIFORNIA, JONATHAN**
**ROSENBLOOM AND JOVITA SILVERA**
**(Interference with Liberty Interests and Freedom of Familial Association)**

202. Plaintiff incorporates herein paragraphs 1 though 93 as though fully set forth below.

203. In committing the acts complained of herein with regard to the July 10, 2023, order that SONDRA SHORTER not leave Los Angeles County and the August 1, 2023, domestic violence restraining order, Defendants STATE OF CALIFORNIA AND JONATHAN ROSENBLOOM acted under color of state law by preventing familial associations between Plaintiff and her mother and restraining SONDRA SHORTER liberty interests by confining her to Los Angeles County without due process of law in violation of their First and Fourteenth Amendments rights as guaranteed by the U.S. Constitution.

204. As a direct and proximate result of the violation of Plaintiff's and SONDRA SHORTER'S First Amendment right of freedom of familial association and liberty interests by Defendants STATE OF CALIFORNIA, JONATHAN ROSENBLOOM and JOVITA SILVERA, and the employees, agents, servants and assigns of Defendant STATE OF CALIFORNIA, Plaintiff and SONDRA

SHORTER have has suffered special damages as alleged in this Complaint and is

entitled to relief under 42 U.S.C. §1983.


**ELEVENTH CLAIM FOR**
**IMPAIRMENT/DISRUPTION OF CONTRACTUAL RELATIONS IN**
**VIOLATION OF THE CONTRACTS CLAUSE OF THE U.S.**
**CONSTITUTION. Art 1, §10 and Article 1, §9 of the CAL. CONST.**
**42 U.S.C. §1983**
**(AGAINST DEFENDANTS STATE OF CALIFORNIA, CALIFORNIA**
**CREDIT UNION, JONATHAN ROSENBLOOM, FRED MESSERER, AND**
**DANIEL STEWART AND DOES 1 THRU 10)**


205.  Plaintiff incorporates herein by reference paragraphs 1 through 93 as

though fully set forth below.

206.  SONDRA SHORTER, and Plaintiff as her agent and Co-Trustee, have

contracts with California Credit Union, Bank of America, and CalSTRS.  The

judicial orders, particularly the order of Appointment of Temporary Conservator

and Letters, of Defendant JONATHAN ROSENBLOOM as requested by

Defendant DANIEL STEWART, have constituted an impermissible impairment of

contractual obligations by preventing California Credit Union, Bank of America

and CalSTRS from meeting its contractual, financial obligations to SONDRA

SHORTER as prohibited by Article 1, §10 of the U.S. Constitution and Article 1,

§9 of the California Constitution.

207.  Defendant FRED MESSERER is assistant general counsel for CalSTRS.  He provided legal advice to counsel for DANIEL STEWART and suggested that he get a Section 1310(b) order appointing STEWART as temporary conservator as if no appeal were pending.  He then stated that he would take pleasure in violating SONDRA SHORTER'S constitutional rights by diverting her retirement benefits to Defendant DANIEL STEWART notwithstanding the contractual obligations of CalSTRS and their duty of loyalty to SONDRA SHORTER.

208.  Defendant JONATHAN ROSENBLOOM also revoked a Power of Attorney designating Plaintiff as the agent and personal representative of SONDRA SHORTER for property management, personal and business affairs. The power of attorney was designated for the purpose of assisting with SONDRA SHORTER'S personal and business affairs.  The order appointing temporary conservator has impeded Plaintiff's ability to resolve contractual matters on behalf of SONDRA SHORTER.

209.  Because Defendant JONATHAN ROSENBLOOM is not a constitutionally appointed judicial officer, he is disqualified, and all orders issued by him are void including but not limited to the appointment of temporary conservator.  Plaintiff therefore seeks emergency injunctive relief and a preliminary injunctive to enjoin Defendant DANIEL STEWART from acting

under the powers of a temporary conservator and to enjoin Defendant JONATHAN ROSENBLOOM from issuing any further orders.

210.  As a direct and proximate result of the violation of the contracts Clause of the U.S. and California Constitutions, Plaintiff and SONDRA SHORTER have suffered special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. §1983.

**TWELVTH COUNT FOR**
**UNRUH CIVIL RIGHTS ACT VIOLATIONS**
**AGAINST DEFENDANTS CALSTRS AND CALIFORNIA CREDIT UNION**
**(Cal. Civ. Code §51, Et Seq.);**

211.  Plaintiff incorporates herein by reference paragraphs 1 through 93 as though fully set for the below.

212.  The Unruh Civil Rights Act works to ensure that all persons receive the full accommodations of any business within the State of California, regardless of the person's disabilities. Cal. Civ. Code § 51. Defendants CALSTRS and CALIFORNIA CREDIT UNION are subject to the Unruh Civil Rights Act which prevents age, race, disability, and sex discrimination in access to a business or its services.

213.  With full knowledge that the Conservatorship Proceedings involving SONDRA SHORTER were unconstitutional in numerous respects and that a stay was pending, Defendants CALSTRS and CALIFORNIA CREDIT UNION chose

to violate the financial privacy rights of SONDRA SHORTER and disclose private, financial information to third parties.  Defendants CALSTRS and CALIFORNIA CREDIT UNION also chose to either block/freeze the accounts and/or divert funds to Defendant DANIEL STEWART with full knowledge that Order and Letters were erroneous and unconstitutional. Defendants and each of them are aware that there exists no declaration of medical or physical incapacity by a licensed physician.  Neither is there evidence that SONDRA SHORTER is gravely ill or unable to make her own informed decisions concerning her finances and whom she desires to assist her in the affairs of her life. Plaintiff is informed and believes and thereon alleges that Defendants disregarded the privacy rights of SONDRA SHORTER as well as her property rights in funds belonging to her as arbitrary and capricious decisions because of her age, her disability, her sex, and her race. Cal. Civ. Code §51.

214.  Defendants CALSTRS and CALIFORNIA CREDIT UNION have also refused to honor the Power of Attorney granted Plaintiff as an indiscriminate, arbitrary, and capricious act based on her race.  Defendants CALSTRS and CALIFORNIA CREDIT chose to honor the requests of DANIEL STEWART'S Caucasian attorney, Michelle Philo, instead of honoring their contractual obligations to SONDRA SHORTER and Plaintiff, as her heir and agent.  In so

doing, Defendants have breached their duties of confidentiality and loyalty to SONDRA SHORTER and Plaintiff as her agent and personal representative.

215.   Defendants discriminatory conduct as referenced herein has caused Plaintiff and SONDRA SHORTER significant harm thereby entitling them to injunctive relief and statutory damages under the Unruh Act.

**THIRTEENTH COUNT**
**FRAUD**
**AGAINST**
**(DANIEL STEWART, MONIQUE ALLEN, GINA CLARK KEAVENY,**
**AND JOVITA SILVERA AND DOES 1 THRU 10)**

216.   Plaintiff incorporates herein by reference paragraphs 1 through 93 as though fully set forth below.

217.   On December 22, 2022, Defendant DANIEL STEWART filed a petition for conservatorship of the person and estate of SONDRA SHORTER.  In the Petitioner, Defendant DANIEL STEWART falsely asserted under penalty of perjury that SONDRA SHORTER has a major neurocognitive disorder that requires placement in a secured perimeter residential facility for the elderly. DANIEL STEWART made this attestation with full knowledge that none of SONDRA SHORTER'S treating physicians would provide him a medical declaration that she has a major neurocognitive disorder.  Defendants STEWART, KEAVENY and SILVERA each approached SONDRA SHORTER'S treating

COMPLAINT FOR DAMAGES AND EMERGENCY INJUNCTIVE RELIEF - 107

physicians under the guise that she has a major neurocognitive disorder, and they were all refused.

218.   On or about December 29, 2022, Defendant MONIQUE SHERRI ALLEN, the daughter of SONDRA SHORTER, falsely attested that she served SONDRA SHORTER the Petition for Conservatorship, a Citation, and Notice of Citation in Prosper, Texas with full knowledge that she did not provide such service of process and even if she had, she is not a disinterested party qualified to do so.

219.   The false representations of DANIEL STEWART, MONIQUE SHERRI ALLEN, GINA KEAVENY, AND JOVITA SILVERA were made for the purpose of procuring a conservatorship over the person and estate of SONDRA SHORTER without a medical basis for doing so.

220.   Defendant DANIEL STEWART also represented to Plaintiff and SONDRA SHORTER that he was conducting himself in a fiduciary capacity with integrity and honesty concerning the financial, personal, and real property matters of SONDRA SHORTER. At the time DANIEL STEWART made representations to the Court, to Plaintiff, and to SONDRA SHORTER he knew they were false and had no reasonable grounds for believing they were true when they were made. Defendant STEWART lured SONDRA SHORTER into a place of trust and confidence. He convinced her to open a bank account with Chase Bank with what

Plaintiff is informed and believes may have been between $300,000 to $400,000. Daniel STEWART then began to make a series of unauthorized withdrawals from that account.

220.  In February of 2022, DANIEL STEWART lured SONDRA SHORTER to reside at RainCross Assisted Living Facility at an expense to SONDRA SHORTER of approximately $3,000 per month.  SONDRA SHORTER was told she was on a temporary vacation or holiday while STEWART attempted to coax her into the purchase of a 4 to 5,000 square foot home.  Thereafter, SONDRA SHORTER was sexually assaulted by RainCross employees.

221.  Defendant DANIEL STEWART intended that SONDRA SHORTER and Plaintiff rely on his representation that he was acting in the best interests of SONDRA SHORTER, ethically and in good faith.

222.  SONDRA SHORTER and Plaintiff relied upon the representations of DANIEL STEWART to their significant financial, physical, and emotional detriment.  Despite numerous requests that he dismiss the conservatorship proceeding, DANIEL STEWART has aggressively pursued confiscation of SONDRA SHORTER'S assets with no concern for her physical, mental, or emotional well-being.

**FOURTEENTH COUNT**
**CONSPIRACY**
**AGAINST**

**(DANIEL STEWART, MONIQUE ALLEN, GINA CLARK KEAVENY, AND JOVITA SILVERA AND DOES 1 THRU 10)**

223.  Plaintiff incorporates herein by reference paragraphs 1 thru 93 and 217 thru 222 as though fully set forth below.

223.  Defendants STEWART, ALLEN, KEAVENY, SILVERA, ROSENBLOOM, and, HAYASHIDA by the doing the acts indicated *infra* formed and operated a civil conspiracy to wrongfully and unconstitutionally conserved the person and estate of SONDRA SHORTER.  They also conspired to obtain a domestic violence restraining order against Plaintiff in the furtherance of their conspiracy to wrongfully conserve the person and estate of SONDRA SHORTER.

224.  As an heir, beneficiary and personal representative of SONDRA SHORTER as well as an objector to the conservatorship proceeding, Plaintiff and SONDRA SHORTER have been damaged in an amount to be determined at trial as a direct result of the fraud, the abuse of process, wrongful conversion of financial assets, emotional abuse, and, elder abuse committed by Defendants, and each of them in furtherance of the wrongful conservatorship proceeding with the ultimate goal of wrongfully placing SONDRA SHORTER in a secured perimeter facility for the elderly.

**FIFTEENTH COUNT**
**ABUSE OF PROCESS**
**AGAINST**
**(DANIEL STEWART, MONIQUE ALLEN, JOVITA SILVERA,**
**JONATHAN ROSENBLOOM, AND DOES 1 THRU 10)**

225.  Plaintiff incorporates herein by reference paragraphs 1 thru 93 and 217 thru 222 as though fully set forth below.

226.  Defendants DANIEL STEWART willfully and knowingly filed the Petition for Conservatorship of the person and estate of SONDRA SHORTER falsely asserting that she has a major neurocognitive disorder that requires placement in a secured perimeter facililty for the elderly without a medical declaration to support his false assertion as required by law.

227.  In filing the Petitioner for Conservatorship, Defendant STEWART did not have the best interests of SONDRA SHORTER at heart. STEWART's ulterior intent and purpose is to confiscate his mother's estate and then lock her up in a facility where she would be subject to his control and thereby impair her liberty interests in her medical and financial affairs. After filing the Petition for Conservatorship,  STEWART hired attorneys Defendants SOPHIA PRESTON and TAYLOR PRESTON to prepare estate documents naming him as the sole beneficiary of her estate to the exclusion of Plaintiff and her other children.

228.  Defendant STEWART was deceitful in his plan and scheme regarding the Petition for Conservatorship as he never served Plaintiff or SONDRA

SHORTER any documents related to the proceedings prior to March of 2024 after Plaintiff independently learned of his intentions.

229. Defendant MONIQUE ALLEN abused the process of the court by knowingly making a false representation under penalty of perjury that she served SONDRA SHORTER a petition, citation, and notice of citation hearing when she did not. Even if she had effected service, she was an improper person because she is an heir of SONDRA SHORTER and therefore an interested party.

230. Defendant ROSENBLOOM, aware that STEWART is unable to obtain a medical declaration of incapacity has allowed the conservatorship proceedings to continue unconstitutionally without ever having acquired jurisdiction over the person or estate of SONDRA SHORTER.

231. On August 1, 2023, Defendant SILVERA obtained a 5-year domestic violence restraining order against Plaintiff making numerous statements that she knew to be false to Defendant PATRICIA TITUS. Defendant SILVERA made the false representations for the improper purpose of interfering with the familial ties between Plaintiff and SONDRA SHORTER and preventing Plaintiff from assisting her mother in her medical, financial, real estate, and business affairs as well as the conservatorship proceeding that SONDRA SHORTER adamantly opposed.

232.  PLAINTIFF's damages continue and are not finally calculated, known or currently able to be quantified, which will be more particularly determined according to proof at trial.

## SIXTEENTH COUNT
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (DANIEL STEWART, MONIQUE ALLEN, JOVITA SILVERA, GINA CLARK-KEAVENY, JONATHAN ROSENBLOOM, SHERYL HAYASHIDA, AND DOES 1 THRU 10)

233.  Plaintiff incorporates herein by reference paragraphs 1 thru 93 and 217 thru 222 as though fully set forth below.

234.  Defendants DANIEL STEWART, MONIQUE ALLEN, GINA CLARK-KEAVENY, JOVITA RAQUEL, JONATHAN ROSENBLOOM AND SHERYL HAYASHIDA by doing the acts alleged herein intended to inflict emotional distress upon Plaintiff and Plaintiff's mother, SONDRA SHORTER by abusing the courts with false assertions regarding Plaintiff and her mother in the conservatorship proceedings and the restraining order proceedings.  Defendant ROSENBLOOM's court orders were intended to be punitive in nature toward Plaintiff and her mother, with no legal justification whatsoever particularly as to denying motions to quash, ordering SONDRA SHORTER's confinement to Los Angeles County, the appointment of a guardian ad litem and temporary

conservator.  Additionally, SHERYL HAYASHIDA's failure to zealously advocate on behalf of

SONDRA SHORTER resulted in prolonged proceedings thereby causing anxiety, stress, financial expense and more.  Additionally, SHERYL HAYASHIDA intentionally misrepresented that Plaintiff's appeal was dismissed and attached to her CAC report, a copy of an order from the Court of Appeals dismissing Plaintiff's Petition for Writ of Mandate because Plaintiff has been wrongly declared a vexatious litigant by the California Courts as a means to deny her access to California Courts.  Defendants' actions were intentional and malicious and done for the sole purpose of causing Plaintiff and her mother to suffer humiliation, mental anguish, and emotional and physical distress.

235.  As a further proximate result of Defendants actions and the consequences proximately caused by it, as hereinabove alleged, Plaintiff and SONDRA SHORTER have suffered severe humiliation, mental anguish, and emotional and physical distress, and have been injured in mind and body and there for request compensatory and punitive damages in the sum to be determined at trial based on proof.

\\\

\\\

\\\

COMPLAINT FOR DAMAGES AND EMERGENCY INJUNCTIVE RELIEF - 114

**SEVENTEENTH COUNT**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(DANIEL STEWART, MONIQUE ALLEN, JOVITA SILVERA, GINA**
**CLARK-KEAVENY, JONATHAN ROSENBLOOM, SHERYL**
**HAYASHIDA, SOPHIA PRESTON, TAYLOR PRESTON, NICHOLAS**
**THALER AND DOES 1 THRU 10)**

236.  Plaintiff incorporates herein by reference paragraphs 1 thru 93 as though fully set forth below.

237.  Defendants DANIEL STEWART, MONIQUE ALLEN, JOVITA SILVERA, AND GINA CLARK-KEAVENY, at all times referenced herein, owed a duty to Plaintiff and her mother to not abuse the process of the California courts and to not engage in malicious conduct designed to unlawfully convert SONDRA SHORTER'S acquired wealth to themselves, to not be physically and emotionally abusive to Plaintiff and SONDRA SHORTER and to provide Plaintiff and her SONDRA SHORTER the dignity and respect of not secretly attempting to conserve SONDRA SHORTER's person and estate with false assertions that SONDRA SHORTER has a major neurocognitive disorder that requires placement in proper and adequate medical care and supervision of Plaintiff's medical condition. The false assertions concerning Plaintiff are that she has been estranged from her mother for ten years, she has been stealing money from her mother, she emotionally abuses her mother and has placed her mother in physical danger.

COMPLAINT FOR DAMAGES AND EMERGENCY INJUNCTIVE RELIEF - 115

238.  Defendants ROSENBLOOM, HAYASHIDA, AND THE TAYLORS had duties to at all times adhere to California law and protect the interests of Plaintiff (as an heir of SONDRA SHORTER) and SONDRA SHORTER and to not place SONDRA SHORTER or Plaintiff in mental, physical, or financial harm as a result of their professional failures in their respective assignment in matters pertaining to SONDRA SHORTER and Plaintiff.

239.  Defendants and each of them knew, or should have known, that their misconduct as set forth herein would cause Plaintiff and SONDRA SHORTER to experience severe emotional distress yet they repeatedly acted with a careless and indifferent disregard for the constitutional and legal rights of Plaintiff and SONDRA SHORTER.

240.   Defendants and each of them breached their duty of care to Plaintiff and SONDRA SHORTER as referenced infra at pages 1-93.

241.   As a direct and proximate result of Defendants, and acts of cruelty, reckless disregard and indifference to the rights of Plaintiff and SONDRA SHORTER, Plaintiff and SONDRA SHORTER are entitled to compensatory damages in an amount to be determined at trial.

# EIGHTEENTH COUNT
## PROFESSIONAL MALPRACTICE
### (NICHOLAS THALER, SOPHIA PRESTON, TAYLOR PRESTON, PRESTON LAW GROUP, P.C., SHERYL HAYASHIDA, AND DOES 1 THRU 10)

233.  Plaintiff incorporates herein by reference paragraphs 1 thru 93 as though fully set forth below.

234.  DEFENDANT NICHOLAS THALER is a licensed psychologist with a duty to be ethical and honest in his dealings with patients entrusted to his care or evaluation.  When making mental health assessments of individuals for purposes of capacity declarations, Defendant THALER has and had a duty to consult with treating medical professionals and research the medical history of an individual before making a determination about a medical condition.  In this instance, Defendant THALER falsely represented in a legal document that SONDRA SHORTER has a major neurocognitive disorder without any medical justification and without knowing the medical history or conclusions of treating physicians.

234.  Defendant NICHOLAS THALER breached his professional duty to SONDRA SHORTER by making the false assertion that she has a major neurocognitive disorder because Defendant DANIEL STEWART used his declaration in the conservatorship proceeding which caused the proceedings to be

unnecessarily continued, which impacted Plaintiff as an heir and objector to the conservatorship proceedings in Superior Court.

235.  As a direct and proximate of the professional negligence of Defendant THALER, Plaintiff and SONDRA SHORTER have been incurred damages ina an amount to be determined at trial.

236.  Defendants SOPHIA PRESTON, TAYLOR PRESTON, AND THE PRESTON LAW GROUP, P.C. are licensed attorneys who prepared estate documents on behalf of Defendant DANIEL STEWART while purporting to represent the interests of SONDRA SHORTER.  The estate documents gave Defendant STEWART a one hundred percent beneficial interest in the estate of SONDRA SHORTER which included a living trust that named STEWART as the successor beneficiary upon death or incapacity.  Defendants PRESTON AND PRESTON LAW GROUP, P.C. did not allow SONDRA SHORTER an opportunity to have the estate planning documents reviewed by independent counsel as required by the California Rules of Professional Conduct.

237.  After learning that Defendant STEWART was on a course of conduct to place her in a secured perimeter facility for the elderly, SONDRA SHORTER and Plaintiff, as her personal representative, made numerous requests that Defendants PRESTON and the PRESTON LAW GROUP, P.D., revoke and revise

the estate planning documents and they refused those requests in breach of their professional and ethical duties as licensed attorneys.

238.  Defendant SHERYL HAYASHIDA is an attorney duly licensed to practice law in all courts within the State of California.  She is also a member of the Superior Court probate panel and accepts court appointments for probate and conservatorship matters.  On December 14, 2022, Defendant HAYASHIDA was appointed to represent SONDRA SHORTER in Case No. 22STPB12451 involving the Petition for Conservatorship of DANIEL STEWART.

239.  Defendant HAYASHIDA grossly and egregiously breached her ethical and professional duties by repeatedly failing to ethically and zealously represent the desires of SONDRA SHORTER as required by Probate Code Section 1724.  At no time has HAYASHIDA objected to the court's lack of jurisdiction over the person and estate of SONDRA SHORTER, she did not object to Defendant STEWART's failure to present her at the original citation hearing or anytime thereafter notwithstanding the statutory requirements that she be present, she did not seek SONDRA SHORTER'S protection when she learned of the financial and emotional abuse of DANIEL STEWART and JOVITA SILVERA, she did not seek to protect SONDRA SHORTER'S privacy interests in her medical and financial affairs, she requested an evidentiary on whether SONDRA SHORTER has a major neurocognitive disorder with no factual basis for believing that to be true and with

full knowledge that SONDRA SHORTER opposes the conservatorship and

DANIEL STEWART as her conservator, and, she did not oppose STEWART's

Section 1310(b) ex parte application for temporary conservatorship and falsely

represented to the court that the conservatorship proceedings were not stayed.

240.  Defendants and each of them knew, or should have known, that their

misconduct as set forth herein would cause Plaintiff and SONDRA SHORTER to

experience severe emotional distress, notwithstanding, they each continued and

continue to act with a reckless disregard of their constitutional and legal rights.

241.  As a direct and proximate result of the professional negligence of

Defendants, and each of them, Plaintiff, as an heir and beneficiary, along with

SONDRA SHORTER, have been injured and incurred damages in an amount to be

determined at trial.


**NINETEENTH COUNT**
**INVASION OF PRIVACY**
**(JONATHAN ROSENBLOOM, DANIEL STEWART, JOVITA SILVERA**
**AND DOES 1 THRU 10)**


242.  Plaintiff incorporates herein by reference paragraphs 1 thru 93 as

though fully set forth below.

243.  SONDRA SHORTER and PLAINTIFF have rights of privacy in their

medical, financial, and personal affairs as guaranteed by the U.S. and California

Constitutions.  SONDRA SHORTER AND PLAINTIFF had a reasonable

expectation that Defendant JONATHAN ROSENBLOOM, acting under color of

law, would allow the exploitation and exposure of private financial, medical, and

personal information of SONDRA SHORTER AND PLAINTIFF at the request of

Defendant DANIEL STEWART via subpoenas for private financial, medical, and

personal information of both SONDRA SHORTER and PLAINTIFF.

244.  Once the private medical and financial information was produced in

the conservatorship proceedings, Defendant JONATHAN ROSENBLOOM, acting

under color of state law, engaged on a unilateral course of confiscating the

financial assets of SONDRA SHORTER, ultimate for the exclusion of her heirs,

and to wrongfully and unnecessarily establish a professional conservatorship over

the person and estate of SONDRA SHORTER.  In reality, Defendant

ROSENBLOOM seeks to transfer the wealth of an elderly Black woman and

exhaust her estate to the exclusion of her heirs and beneficiaries.

245.  Defendants SILVERA and STEWART have also disclosed and

published Plaintiff's personal and private information in court proceedings to law

enforcement and others.  In May of 2023, both Defendants SILVERA and

STEWART provided Plaintiff's residential address to law enforcement officials

and then sent officers to her residence under the guise of "wellness checks" for

SONDRA SHORTER.  Both SILVERA and STEWART had Plaintiff's telephone

number and could have made a telephone inquiry rather than publishing her address.  SILVERA also published Plaintiff's information in her application for a domestic violence restraining order.  Plaintiff's private information is now published on search engines e.g. Google and Chrome.

246.  As a direct and proximate result of the invasion of Plaintiff's and SONDRA SHORTER'S personal, medical and financial information, and each of them, Plaintiff, as an heir and beneficiary, along with SONDRA SHORTER, have been injured and incurred damages in an amount to be determined at trial.


**TWENTIETH COUNT**
**UNFAIR BUSINESS PRACTICES – BUSINESS & PROFESSIONS CODE §17200 ET SEQ**
**(AGAINST DEFENDANTS CALIFORNIA CREDIT UNION AND CALSTRS)**


247.  Plaintiff incorporates herein by reference paragraphs 1 thru 93 as though fully set forth below.

248.  The court has jurisdiction over this action pursuant to Business and Professions Code Section 17200 et seq., specifically Business and Professions Code Section 17203, which provides any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction; and the court may make such orders or judgments,

including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition; and <u>Business and Professions Code Section 17204</u>, which provides for actions for any relief pursuant to the Unfair Competition Law to be prosecuted exclusively in a court of competent jurisdiction by any board, officer, person, corporation or association or by any person acting for the interests of itself, or its members and that has suffered an injury in fact and lost money or property as a result of defendant's conduct.

249.  California Education Code Section 22006 provides that " The right of a person to an annuity or a retirement allowance, to the return of contributions, the annuity, or retirement allowance itself, any optional benefit, any other right or benefit accrued or accruing to any person under this part, and the moneys in the fund created under this part are not subject to execution or any other process whatsoever, except to the extent permitted by Section 704.110 of the Code of Civil Procedure, and are unassignable except as specifically provided in this part." An assignment refers to payments of a debt.  This means SONDRA SHORTER'S retirement benefits are not subject to conversion based on a court process including but not limited to a temporary conservatorship.

250.   CalSTRS pays SONDRA SHORTER monthly retirement benefits that are directly deposited into her account with CALIFORNIA CREDIT UNION. CALIFORNIA CREDIT UNION is aware that all funds maintained in their accounts are funds from SONDRA SHORTER'S CalSTRS retirement benefits. Notwithstanding their knowledge of the source of those funds, both CALSTRS and CALIFORNIA CREDIT have frozen SONDRA SHORTER'S retirement benefits and/or her accounts and threatened to allow DANIEL STEWART to confiscate her benefits pursuant to the unconstitutional and void orders and Letters appointing him Temporary Conservator of her estate.  Plaintiff is impacted by these actions as an heir and beneficiary of SONDRA SHORTER.  Plaintiff is informed and believes that DANIEL STEWART intends to deposit SONDRA SHORTER'S retirement benefits into an account with DEFENDANT MANUFACTURER'S BANK who will then allow those funds to be transferred to a professional conservator for payment of various expenses e.g. Michelle Philo's legal fees, Sheryl Hayashida's legal fees, Collette Davis' legal fees, private investigator expenses, etc. to the exclusion of SONDRA SHORTER'S heirs and beneficiaries.

251.   Notwithstanding its knowledge that retirement benefits are not subject to court processes, Defendants CALSTRS and CALIFORNIA CREDIT UNION have frozen SONDRA SHORTER'S benefits and accounts, denied her access, and have threatened to turn her benefits and accounts over to DANIEL STEWART.

252.   As a direct, proximate, and foreseeable result of defendants' wrongful conduct as alleged above, defendants' business acts or practices have caused injury to Plaintiff and the public; and Plaintiff is entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits which may have been obtained and withheld by Defendants as a result of their wrongful business acts or practices.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

1.    For treble damages for RICO violations pursuant to 18 U.S.C. §1962 (as to Counts One and Two);

2.    For a declaratory judgment that Jonathan Rosenbloom is not a constitutional judge per the California Constitution and Government Code Section 12011.5 as he has not been evaluated for qualification by the State Bar Judicial Nomination Evaluation Committee.  Therefore, all orders of Jonathan Rosenbloom in Los Angeles Superior Court Case No. 22STPB12451 are void.

3.   For a declaratory judgement that David S. Wesley was not a lawful State Bar Hearing Judge as he was not appointed, evaluated or confirmed as a State Bar hearing judge by either the California Supreme Court or the California Senate

Committee on Rules. Neither are there any records that indicate he was evaluated according to law by the Applicant Evaluation Nomination Committee for the administrative judgeship.  The Decision Recommending the Disbarment of Lecia Lenette Shorter is therefore void as is the California Supreme Court Order of Disbarment.  Lecia Lenette Shorter must therefore be reinstated to the practice of law and her name be restored to the California roll of licensed attorneys.

4.  For a declaratory judgment that the Order for Pre-Filing and Vexatious Litigant status of Lecia Lenette Shorter was erroneously issued and should therefore be vacated and her name removed from the vexatious litigant roll of the State of California.

5.  For an immediate injunction staying all proceedings in Los Angeles Superior Court Case No. 22STPB12451 pending a determination of the lawful status of Jonathan Rosenbloom as a lawful Superior Court judge.

6.  For an immediate injunction preventing CALSTRS and CALIFORNIA CREDIT UNION from transferring any funds owned by Sondra Shorter in any capacity to Daniel Stewart.

7.    For general and special damages in the amount of $25,000,000;

8.     For general damages for mental and emotional distress according to proof;

9.     For exemplary and punitive damages;

10.  For statutory damages for Unruh Civil Rights Violations;

11.  For statutory damages for Business & Professions Code §17200 et seq. violations;

12.    For costs of suit incurred herein;

13.    Reasonable attorney's fees as allowed by statute; and,

14.    For such other and further relief as the court may deem proper.

### DEMAND FOR JURY TRIAL

Plaintiff LECIA L. SHORTER hereby demands a jury trial.

Dated:   April 4, 2024

*Lecia Shorter*
_____
LECIA L. SHORTER
PLAINTIFF IN PRO PER

### VERIFICATION OF LECIA L. SHORTER

I, Lecia L. Shorter, do hereby declare:

1.    I am the plaintiff in this action.

2.    I declare that the facts set forth herein are true and of my own personal knowledge except as to those matters which are stated on Information and belief.

COMPLAINT FOR DAMAGES AND EMERGENCY INJUNCTIVE RELIEF - 127

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Dated:  April 4, 2024

*Lecia Shorter*

_____

LECIA L. SHORTER